Rayburn *et al. v.* Day *et al.*

---

HARRISON RAYBURN *et al.*, Appellants, *v.* GEORGE W. DAY *et al.*, Appellees.

### APPEAL FROM PERRY.

The giving of a note and mortgage by one of two copartners in settlement of a joint debt, does not discharge an account against the firm, unless they were received in satisfaction of it.

If a note is given not under seal, by one of several parties, it will not satisfy the account, unless the parties so intended ; and a recovery may be had upon the account, if the note is surrendered. A recovery cannot be had on the account if the note is still held by the creditor.

A custom on the part of a creditor to charge. interest on an account past due, will not authorize its recovery, unless the debtor was informed of the custom.

THE facts of this case are stated in the opinion of the Court, delivered by Mr. Justice WALKER.

E. L. HOWETT, for Appellants.

W. B. COOPER, for Appellees.

WALKER, J. This was an action of assumpsit instituted by appellees against appellant and Jesse Barbre, the latter of whom was not served with process. The declaration contained a count on a promissory note against appellant and Jesse Barbre, and the common counts. On the trial, it appeared that Barbre signed the firm name to the note, after the partnership had ceased to exist, and to secure the same gave a mortgage on two hundred and forty acres of land, which mortgage had been foreclosed, and a decree for the sale of the land rendered. The note when offered in evidence, was rejected, and the appellees then proceeded, against the objection of appellant, to prove the account for which the note and mortgage was given. The court rendered judgment for the sum of $1,279.73 and costs of suit. A motion for a new trial was entered and overruled.

It is now insisted that the giving of the note and mortgage by Barbre in settlement of the account and the foreclosure of the mortgage, released appellant from all liability for its payment. It is a well-settled rule that the merely giving a note not under seal, unless received as a satisfaction, does not discharge an account. This is equally true of a note given by one of several partners on the settlement of a partnership account. Yet when the parties design that the execution of the note shall be a satisfaction of the account, there can be no question that such is the effect. When the note given is under seal it satisfies the account, and the creditor must rely upon the note alone for a recovery. The intention of the parties may be ascertained by their acts, as well as their declarations. After the note is given, to be able to recover on the account the note must be surrendered. The creditor cannot be permitted to recover on the account and still hold the note against the debtor.

Story, in his treatise on Partnership, lays down the rule, that the mere fact of a creditor taking additional security from a new firm without releasing the old debt, or receiving interest from the new firm, will not absolve a retiring part-

ner from his original responsibility. The taking of the note and mortgage could not be regarded as anything more than taking additional security. The attorney for appellee testifies that he did not intend it as a discharge of appellant. And as it was not so agreed or intended, it did not have that effect.

It is likewise urged, that the court below erred in allowing interest on the account. The witness who proved the sale and delivery of the goods, testified that it was the custom of appellees to charge interest after accounts became due. But there is no evidence in the record from which it appears that appellee was informed of that custom. In the case of *Simms* v. *Clark*, 13 Ill. 544, it was held that a delay of payment from 1845 to 1848 did not show a vexatious delay. To the same effect is the case of *Hitt* v. *Allen*, ib. 592, and *Aldrich* v. *Dunham*, 16 Ill. 403. These cases are decisive of this question, and the decision of the court below, being in violation of the rule then established, the judgment was erroneous to the extent of the interest allowed, and must be reversed, and the cause remanded.

*Judgment reversed.*