## Thomas R. Wood & Co.

### v.

## The Merchants' Saving, Loan and Trust Company.

41  267
37a 481
41  267
49a 122
41   267
101a ¹252

1. PROMISSORY NOTE — *payable at a particular place — rights and duties of the parties.* The holder of a promissory note, which is payable at a particular place, is under no obligation to present the note for payment, where payable.

2. The maker, in an action against him on such note, may, however, plead in bar of damages and costs, a readiness to pay at the time and place.

· 3. If the holder of the note is present at the time and place of payment, and the maker is there, and tenders the amount, and the holder refuses to receive it, this will be no bar to a recovery by suit, and unless the tender is kept good, by bringing the money into court, it will not even bar a recovery for damages and costs.

4. The making of a note payable at a particular place, as a bank, does not amount to an agreement, that the maker may make a deposit at such bank, of the amount of the note, and thus discharge his obligation, and the money so deposited to be at the risk of the holder of the note.

5. Nor would the bank at which such a note was made payable, have the right to pay it, or apply the money deposited in the bank by the maker, to its payment, except by the special direction of the maker and depositor, either verbally, or by check or draft or some other writing.

6. So if the holder of such a note, presents it at the bank where it is made payable, at the time it is due, and the maker then has money on deposit in the bank sufficient to pay the note, but the teller only certifies on the face of the note that it is "good," and the holder takes away the note without the money, this will not change the liability of the parties in any way, nor will the maker be released from his liability even though he should lose his deposits by the failure of the bank on the next day.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

The case is stated in the opinion of the court.

Mr. JOHN G. ROGERS, for the appellants.

Messrs. GOODRICH, FARWELL & SMITH, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court :

This was an action of assumpsit brought in the Superior Court of Chicago, by the Merchants' Saving, Loan and Trust company, against Thomas R. Wood and Company, on a note of which this is a copy :

"$907.45.                           Chicago, August 10, 1864.

On the 26th day of September, after date, we promise to pay to the order of Messrs. George A. Berry & Co., nine hundred and seven dollars and forty-five cents, at the banking house of J. G. Conrad, Chicago.   Value received.

THOMAS R. WOOD & Co."

The note was indorsed to the plaintiff.

The plea was the general issue, with an agreement that the defendants might give special matters in evidence under it.

The cause was tried by the court, and a verdict for the plaintiffs for $951.46.   A motion for a new trial having been overruled, and exception taken, judgment was rendered on this finding, to reverse which, the cause is brought here by appeal, and the error assigned is, this finding of the court, and refusing to grant a new trial.

The facts of the case are, briefly, as follows : Appellees, being then the owners of the note, on the twenty-ninth day of September presented it at the banking house of Conrad, and was told that the note was good, and the teller so certified, by writing upon the face of the note the words " Good, C. W. Dunlop, teller," and with this, the holder left the bank with the note, without the money.   At that time appellants had on deposit with Conrad funds sufficient to pay the amount due on the note.

On the thirtieth of September, the day following the presentation of the note, Conrad made an assignment, and his bank was closed, and has not been opened for business since, he being insolvent from that day, and the amount standing to the credit of appellants, having never been withdrawn.

Appellants insist, that the presentation of the note at Conrad's banking house, and it being there certified as " good," and the failure of the holder then and there to receive the amount due on the note in money, which he had the right and opportunity of doing, released the makers of the note, and was equivalent to payment by the makers.

The whole case, in the view we take of it, turns on this proposition :

Had the holder this right, and had Conrad any authority whatever to pay the note, out of the funds on deposit in his bank to the credit of the makers ?

The custom sought to be established among bankers has nothing, in our judgment, to do with the question. What is the effect of making a note payable at a particular place ? Was it ever before heard, that the effect was to transfer, *ipso facto*, the money at the place belonging to the makers, absolutely to the holder, on his presenting the note at the place of payment. There is no such rule, in any commercial country, of which we have any knowledge. It is well settled doctrine, in the courts of England and of this country, and of this court, that the holder of such paper is not under any obligation, even to present the note for payment when payable. The maker, in an action against him on such note, may plead, in bar of damages and costs, a readiness to pay at the time and place.

We do not understand that the fact of making a note payable at a particular place, amounts to an agreement that the maker may make a deposit at the bank, of the amount of the note, and thus discharge his obligation, and that the money so deposited, is at the risk of the holder of the note. It is a mere designation of the place where the note is to be paid, not of the person to whom the money is to be paid. By the terms of the note, the money was to be paid by the makers to the payee, not to Conrad, but at Conrad's banking house. As put by appellee's counsel, " if the holder of the note was present, at the time and place of payment of the note, and the maker was there, and tendered the amount, and the holder refused to accept it," this would be no bar to a recovery by suit, and unless

the tender was kept good, by bringing the money into court, it would not bar a recovery for damages and costs. This position is sustained by the case of *Butterfield* v. *Kinzie*, 1 Scam. 445,. where the court cite, *Woolcott* v. *Van Santvoord*, 17 Johns. 278; *Caldwell* v. *Cassidy*, 8 Cowen, 271; *Stanton* v. *Bishop*, 3 Wend. 20; Bailey on Bills, 203; 4 Litt. 225; 11 Wheat. 171, and *Wallace* v. *McConnell*, 13 Pet. 136, is refered to in note by reporter, to the same effect. To the same point is the case of *New Hope and Delaware Bridge Co.* v. *Perry et al.*, 11 Ill. 471, citing the same cases.

The money on deposit with Conrad belonged to the maker of the note, it was his money, and under his control. If this be so, if the holders of this note were under no obligation to present this note at Conrad's counter, does the fact that it was presented, change the liability of the parties in any way?

Wherein consisted "the right and opportunity" of the holder to receive this money from Conrad, except by the actual payment of the money by the maker, by himself or Conrad. Conrad had no right to pay it, nor could the money be taken to pay it, except by means of the verbal order, check or draft of the maker and depositor. No one taking such paper, has ever supposed the bank, at which it was made payable, was bound to pay the note on presentation, or that any obligation was imposed upon it, so to do. It is not according to the usage of banks to pay out money except upon checks or drafts drawn by its creditors having funds in the bank.

No case can be found, where, in such case, a bank has been considered as authorized to pay a note made payable at its banking house, without the express direction of the maker, or in the absence of any check or draft by him appropriating his money deposited there to such purpose. Nor is there any obligation resting on the bank to pay, for the bank may have claims against the deposit superior to those of the holder of the note.

Holding, as we do, that neither "the right nor opportunity" existed to the holder to receive this money at Conrad's bank, the makers of the note are not released. .

It is unnecessary to examine the other questions raised, as the decision on this point disposes of the case. To sum up all on this point, in a few words, the fact that the note was made payable at Conrad's bank, did not authorize that bank to pay the note without being so ordered by the maker, verbally, or by check or draft or other writing. The holder of the note could not, therefore, draw the funds, except on the order of the maker, and the money in the bank belonging to him remained at his risk.

It would be going too far to hold that the mere certification of a note by the bank at which it was payable, that it was "good," should operate to release the maker, and be held equivalent to an actual payment of the money. We think the better rule is to consider nothing as an actual payment which is not really such, unless there be an express agreement that something short of a payment shall be taken in lieu of it. *Olcott* v. *Rathbone*, 5 Wend. 490.

For the reasons given, the judgment is affirmed.

*Judgment affirmed.*