## JAMES H. KENNEDY

*v.*

## JOHN H. HALL.

PARTNERSHIP—*burden of proof when liability as such is put in issue.* When one of several defendants, who are sued as partners, puts the partnership or joint liability in issue by the general issue properly verified, the burden of proof to show the partnership or joint liability is upon the plaintiff, and not upon such defendant to show that he was not a partner or liable as a joint maker of the note sued on.

APPEAL from the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

This was an action of assumpsit, brought by John H. Hall, as surviving partner of the firm of Donaldson & Hall, against James H. Kennedy, Burrell Kennedy and Washington Walker, as partners composing the firm of Walker, Kennedy & Co., upon a promissory note. The following is a copy of the same:

"ST. LOUIS, Mo., June 2d, 1858.

Six months after date we, the undersigned, Washington Walker, Burrell and James Kennedy, of Nashville, county of Washington and State of Illinois, promise to pay to the order of Donaldson & Hall, a firm composed of James F. Donaldson and John H. Hall, $67.80, negotiable and payable without defalcation or discount, with interest after maturity at the rate of ten per cent per annum.

WALKER, KENNEDY & Co."

The defendant James H. Kennedy filed the plea of non-assumpsit, verified by his oath. A trial was had, resulting in a judgment in favor of the plaintiff against all the defendants. James H. Kennedy alone appealed.

Mr. ISAAC MILLER, for the appellant.

Mr. WILLIAM RAINEY, and Mr. JAMES A. WATTS, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, in the Washington circuit court, on a promissory note.

The declaration counted on a note made by Walker, Kennedy & Co., to Donaldson & Hall.

James H. Kennedy, one of the defendants, put in a plea of non-assumpsit, verified by his affidavit, which put in issue the fact of partnership with the other defendants.

The court instructed the jury that the *onus* was upon the defendant Kennedy to prove he was not a partner, and under no liability as joint maker of the note.

This was clearly wrong. By section 35 of the Practice Act, it is provided, in actions upon contracts expressed or implied, against two or more defendants as partners or joint obligors or payors, whether so alleged or not, proof of the joint liability or partnership of the defendants, or their christian or surnames, shall not, in the first instance, be required to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by pleading in abatement, or unless the defendant shall file a plea in bar denying the partnership or joint liability, or the execution of the instrument sued upon, verified by affidavit. Sess. Laws of 1872, p. 344.

This plea appellant interposed, consequently the *onus* was upon the plaintiff to make out his case. He held the affirmative. The court therefore erred in instructing the jury otherwise.

For this error, the judgment is reversed and the cause remanded.

*Judgment reversed.*