## HAINES & WHITNEY CO.

### v.

## JACOB S. McFERREN.

BANKING.—A bank where a draft is made payable has no right to pay it, or apply the money deposited there by the acceptor of such draft, except by the special direction of such acceptor, either verbally, or by check or draft, or some other writing.

ERROR to the Circuit Court of Vermilion county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed January 6, 1886.

Messrs. DAVIS & MANN, for plaintiff in error; as to liability for breach of duty on part of bank in making a collection, cited Morse on Banks and Banking, 341 ; Tyson v. State Bk. of Ind., 6 Blackford, 225 ; Fabens v. Mercantile Bk., 23 Pick. 332.

Mr. C. M. SWALLOW, for defendants in error; cited Wood v. Merchants' Saving Loan and Trust Co., 41 Ill. 267.

CONGER, J. This was an action of assumpsit. The declaration alleges that on the 29th day of April, 1884, plaintiffs in error drew a draft upon Wm. M. Bandy, as follows:

"$210.                                   CHICAGO, April 29, 1884.

"At sight pay to the order of Haines & Whitney Company, two hundred and ten dollars, at Second National Bank, with exchange.

"Value received and charge to account of Haines & Whitney Co.

"S. M. MILIKEN, Treas.

"To Wm. M. Bandy, Danville, Ill."

Upon which draft were the following acceptance and indorsements.

"Accepted April 29th, '84. Payable at Second National Bank. W. M. Bandy.

"For deposit in the First National Bank, Chicago, to the Credit of Haines & Whitney Co.

"Per S. M. MILIKEN, Treas.

"Pay to the order of State Bank, Danville, Ill., for collection account of First Nat. Bank, Chicago, April 29th, 1884.

"H. R. SYMONDS, Cashier."

That on the same day the last named bank transmitted the draft for collection to the State Bank of Danville (the defendant in error); that said Bandy had money on deposit to his credit in said Second National Bank of Danville, where the draft was made payable, "sufficient to pay the said draft with exchange thereon, which money was, during said time, subject to the payment of said draft upon the presentation of the same to the said Second National Bank."

The declaration avers that it was the duty of defendant to have presented said draft "*to* or *at*" the Second National Bank and demanded of said bank payment, which they neglected to do, and that Bandy afterward withdrew his deposit from said Second National Bank, became insolvent and died, and that

his estate was insolvent, by reason whereof said draft was never paid and plaintiff lost the same. To this declaration a general demurrer was interposed and sustained by the court, and plaintiff electing to stand by the declaration, judgment for costs was entered against plaintiff in error.

We think the demurrer was well sustained. The draft was not drawn on the Second National Bank but on Bandy. Had it been presented to the bank it could not have paid the draft without some further authority from Bandy. A bank where a draft is made payable would have no right to pay it or apply the money deposited there by the acceptor of such draft, except by the special direction of such acceptor either verbally or by check or draft or some other writing. Wood & Co. v. Merchants' Saving Co., 41 Ill. 267.

The declaration is fatally defective in alleging it to have been the duty of defendants in error to demand payment of the Second National Bank; such bank could have had nothing to do with the payment of the draft as above stated except by the direction of Bandy. Had the declaration alleged that Bandy had given such direction in any way known to the law, a different question would be presented. Finding no error in the record the judgment of the circuit court will be affirmed.

Affirmed.