JAMES H. WALKER *et al.*

*v.*

WILLIAM WOOD *et al.*

*Opinion filed December 22, 1897.*

1. PRINCIPAL AND AGENT—*single act as agent does not raise presumption of appointment.* The fact that one has assumed to act as the agent of another in a single transaction does not raise a presumption of appointment as such agent by the principal acted for.

2. SAME—*whether an alleged unauthorized act was ratified is a question of fact.* Whether an alleged unauthorized act of one party in signing and acknowledging articles creating a limited partnership as attorney in fact for another party was ratified by the latter, is a question of fact finally settled by the Appellate Court's judgment of affirmance.

3. NOVATION—*all parties to original contract must consent to the new one.* It is essential to a novation that all parties to the original contract consent to the substitution of the new one, though such consent may be either express or implied.

4. SAME—*what facts do not, in law, establish consent to novation.* Neither notice to a creditor of a partnership that the latter has

become incorporated and that the corporation has assumed the firm debts, nor partial payment of the creditor's claim by the corporation, nor a demand by the creditor on the receiver of the corporation for payment of the claim and acceptance of dividends thereon, establishes the creditor's consent to the novation as a matter of law, but such facts may all be considered in determining, as a question of fact, whether there was an implied consent.

*Walker* v. *Wood,* 69 Ill. App. 542, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

WILLIAM R. ODELL, for appellants.

PARTRIDGE & PARTRIDGE, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

James H. Walker, Columbus R. Cummings and William B. Howard were partners in the dry goods business in Chicago under the firm name of James H. Walker & Co., and in December, 1892, that firm owed appellees, composing the firm of William Wood & Co., of Philadelphia, $1739.98 for goods purchased. At that time the corporation of James H. Walker Company was formed, and purchased the assets and assumed the liabilities of the firm of James H. Walker & Co. The corporation continued the business and sent a notice to appellees, which they received in January, 1893, stating that it had assumed the debts of the firm. Afterward appellees sold goods to the corporation, and on June 17, 1893, received from it $500, which they applied on the firm debt which had been assumed. On August 4, 1893, the corporation became insolvent and a receiver was appointed, before whom appellees proved their claim, alleging the indebtedness of the firm to them on December 31, 1892, and that the corporation assumed and agreed to pay the same. Very shortly after-

ward appellees brought this suit against the members of the firm. Dividends to the amount of $892.79 were paid on the claim by the receiver of the corporation. Columbus R. Cummings and William B. Howard each filed a plea denying joint liability with his co-defendants, and each defendant also filed a plea that the corporation assumed and agreed with appellees to pay the amount of their claim, and that appellees accepted the promise of the corporation and released the members of the original firm. The issues were heard before the court without a jury. William B. Howard succeeded in his defense, but there was a finding and judgment against James H. Walker and Columbus R. Cummings for $346.59,—the balance due on the claim. The Appellate Court affirmed the judgment and granted a certificate of importance, by virtue of which appellants have brought the case to this court.

The separate defense of the defendant Cummings was, that the firm of James H. Walker & Co. was a limited partnership, formed in accordance with the laws of this State, in which he was a special partner and James H. Walker was the general partner. His sworn plea denying joint liability cast upon plaintiffs the burden of showing the partnership. (*Kennedy* v. *Hall*, 68 Ill. 165; *Smith* v. *Knight*, 71 id. 148.) To show such partnership plaintiffs offered in evidence a written stipulation of the parties, made for the purpose of the trial, admitting that on December 27, 1892, the defendants were engaged in the dry goods business under the firm name of James H. Walker & Co., and that said firm was at that time indebted to plaintiffs for goods sold and delivered to said firm in the amount named. Under this stipulation all the defendants would be liable unless some of them succeeded in relieving themselves from such liability by showing that the partnership was not general. The evidence offered for this purpose consisted, alone, of articles for the formation of a limited partnership, in which James H. Walker was a general partner and Cummings and Howard spe-

cial partners contributing property to the partnership. The articles were signed in the name of defendant Cummings "By Otho S. Gaither, his attorney in fact," who acknowledged the same as such attorney in fact before a notary public. The articles were recorded, together with an affidavit of Walker that the property contributed by Cummings and Howard had been contributed actually and in good faith. There was no evidence of any authority of Otho S. Gaither to act as attorney in fact for Cummings, and the court held a proposition of law submitted by plaintiffs that the certificate or statement of partnership was not sufficient, in law, to form a limited partnership as to him. The holding of such a proposition is assigned for error, and it is said that Gaither's acknowledgment is of itself sufficient to show his authority. Where one person has only assumed to act as agent for another in a single transaction, we do not understand that the act alone raises a presumption, in law, of an appointment as agent to do the act. It is also urged that, if the act was without authority, Cummings afterward ratified it so as to give it validity. If that could be done, the question whether it was done was one of fact. The only evidence on that subject was the fact that he engaged in business as a member of the firm, and the affidavit of Walker, filed with the articles, that the property had been contributed to the firm. There was no proposition of law submitted on that question and it was not raised in any way as a question of law. So far as it is concerned the judgment of the Appellate Court is final.

The court sustained demurrers to the several amended pleas of the defendants, setting up the facts, hereinbefore stated, of the agreement by the corporation with the firm to pay the outstanding indebtedness, the notice to the plaintiffs of the assumption of such obligation, and the proof of the claim by plaintiffs against the corporation before the receiver, and the court also modified propositions of law submitted by the defendants that

such facts released and discharged the defendants. By the modification the court held that such facts were all proper to be considered upon the question of fact whether the plaintiffs did release and discharge the defendants and accept the corporation as their debtor, but that they were not necessarily conclusive as a matter of law. We regard the modification as correct. The assumption of outstanding liabilities by the corporation was a matter of agreement between it and the defendants, which could not affect the rights of the plaintiffs unless they assented to it in some way which amounted to an agreement to accept the corporation as alone liable for the indebtedness. It is essential to a novation that all the parties to the contract for which the new one is substituted consent to it. (16 Am. & Eng. Ency. of Law, 867; *Hayward* v. *Burke*, 151 Ill. 121.) The assent or agreement may be either express or implied, but neither knowledge of the arrangement between the corporation and the firm, nor the partial payment of the debt, nor a demand for the payment, like the filing of the claim against the corporation, nor all combined, necessarily establishes such assent or agreement as a legal conclusion. (16 Am. & Eng. Ency. of Law, 904; *Rayburn* v. *Day*, 27 Ill. 46; *Goodenow* v. *Jones*, 75 id. 48; *Hayward* v. *Burke, supra.*) All the facts and circumstances of the case are proper to be submitted to the jury for the purpose of determining whether the creditor has impliedly assented to the discharge of the old firm. (Parsons on Partnership, 426.) This is what the court held by the propositions as modified.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*