(No. 14249.—Judgment affirmed.)

HENRY D. WATSON *et al.* Defendants in Error, *vs.* THE LEE LOADER AND BODY COMPANY, Plaintiff in Error.

*Opinion filed February 22, 1922—Rehearing denied April 6, 1922.*

1. PRACTICE—*section 55 of Practice act does not repeal statute in regard to tender.* Section 55 of the Practice act, allowing a plaintiff to continue suit for the balance of his claim after judgment for the amount admitted to be due by the defendant in his affidavit of defense, does not repeal the statute in relation to tender nor abolish the law of tender nor deprive any party of its benefit.

2. SAME—*when acceptance of judgment for part of claim is not an accord and satisfaction.* Where judgment is given for a part of the plaintiff's claim, which the defendant admits to be due by his affidavit of defense under section 55 of the Practice act, the mere acceptance of the judgment by the plaintiff and the taking of the money out of court does not amount to an accord and satisfaction, there being no question of a conditional tender.

3. TENDER—*when acceptance of tender of sum admitted to be due is a bar to right of action.* Under the statute, when an action is brought upon any contract, the defendant may make a tender of the sum admitted to be due, with costs of suit incurred up to the time of the tender, and if the plaintiff accepts the tender upon the terms offered he cannot afterwards maintain his suit, as the tender operates as a satisfaction of his claim.

4. SAME—*a tender contemplates that the money be brought into court.* In any case of tender where there is a suit the money must be brought into court, to enable the plaintiff, if he sees proper, to accept the amount tendered and put an end to the litigation.

5. APPEALS AND ERRORS—*when damages will not be assessed as for delay.* By granting a writ of *certiorari* to review the judg-

ment of the Appellate Court the Supreme Court determines that the case is one proper to be reviewed, and though the judgment is affirmed the defendant in error is not entitled to damages as in case of an appeal prosecuted merely for delay.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. HOWARD HAYES, Judge, presiding.

WILLIAM A. JENNINGS, for plaintiff in error.

ZANE, MORSE & MARSHALL, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The defendants in error, Henry D. Watson and Herbert Woehling, sued the plaintiff in error, the Lee Loader and Body Company, in the municipal court of Chicago, and filed a statement of claim for commission alleged to be due under a contract partly oral and partly written, by which the defendant promised to pay the plaintiff a discount or commission amounting to twenty per cent and five per cent for articles sold, and alleging that plaintiffs obtained from E. P. Vare an agreement for five trailers and ten bodies of the defendant's manufacture; that defendant accepted the order, and the purchase price thereof amounted to $15,875 and the discount or commission to $3810. Defendant filed an affidavit of merits, denying that the plaintiffs sold at defendant's request five trailers and ten bodies to E. P. Vare or anyone else, but admitting that it did agree to pay plaintiffs twenty per cent and five per cent on the list price of any of its trailers or bodies for which they might obtain orders, and that plaintiffs did sell two bodies and one trailer for defendant to Vare, for which the defendant received the sum of $3175, upon which it was justly indebted to plaintiffs for twenty per cent and five per cent, which equaled $793.75. The affidavit concluded

in these words: "Which sum defendant tenders plaintiffs in payment and satisfaction of all claims of plaintiffs against defendant, with costs of suit." The commission on $3175, correctly computed, would be $762 instead of $793.75, which was admitted to be due, and the court entered judgment reciting that defendant's affidavit of defense admitted that it owed the plaintiffs $762, which was only a portion of plaintiff's demand, and judgment was entered for the plaintiffs and against the defendant for $762, and it was ordered that the suit should proceed as to the balance of the plaintiffs' demand in dispute. The defendant paid the judgment for $762 and the plaintiffs took the money out of court. Afterwards the defendant asked leave to file an amended affidavit of defense, setting forth the judgment of the court for the amount admitted to be due and the payment of that sum into court by the defendant, and alleging that by taking judgment and taking the money out of court an accord and satisfaction had been accomplished and the suit was at an end. The court refused to allow the amended affidavit to be filed. When the cause was called for trial counsel for the defendant withdrew his demand for a jury and submitted the cause to the court for hearing on an agreement that unless what had been done, as shown by the record, constituted an accord and satisfaction, the plaintiffs were entitled to recover $3810 sued for, less $762, the amount of the judgment which had been taken. The defendant presented to the court the following proposition and asked the court to hold it to be the law of the case:

"Where a defendant is sued upon a disputed account and the defendant by its affidavit of merits filed in said suit tenders a sum less than that sued for by the plaintiff under a condition, that if the same is accepted it shall be payment in full of the demand sued upon and the plaintiff then moves the court to enter judgment for the amount so tendered and judgment is entered on said motion for the amount

tendered and the judgment for the amount tendered is satisfied by the defendant paying the amount of the judgment so entered to the clerk of the court in full satisfaction of the judgment so entered and the money so paid is taken out of court by plaintiff that the same will amount to an accord and satisfaction."

The court refused the proposition and entered judgment against the defendant for $3048. The Appellate Court for the First District affirmed the judgment, and this court allowed a writ of *certiorari* for a review of the judgment of the Appellate Court.

Section 55 of the Practice act provides as follows: "If the plaintiff in any suit upon a contract, express or implied, for the payment of money, shall file with his declaration an affidavit showing the nature of his demand, and the amount due him from the defendant, after allowing to the defendant all his just credits, deductions and set-offs, if any, he shall be entitled to judgment, as in case of default, unless the defendant, or his agent or attorney, shall file with his plea an affidavit, stating that he verily believes the defendant has a good defense to said suit upon the merits to the whole or a portion of the plaintiff's demand, and specifying the nature of such defense, and if a portion specifying the amount (according to the best of his judgment and belief.) * * * If the affidavit of defense is to only a portion of the plaintiff's demand, the plaintiff shall be entitled to a judgment for the balance of his demand and the suit shall thereafter proceed as to the portion of the plaintiff's demand in dispute as if the suit had been brought therefor; but in such case the court may make such order as to the costs of the suit as may be equitable." (Harker's Stat. 3262.)

That section has not repealed the statute in relation to tender, (Harker's Stat. 4210,) nor abolished the law of tender and deprived any party of its benefit. The statute gives a defendant the right to make a tender, after an ac-

tion is brought upon any contract, of the sum due thereon, with the legal costs of suit incurred up to the time of the tender, and if plaintiff accepts the tender upon the terms offered he cannot afterwards maintain his suit, as the tender operates as a satisfaction of his claim. If money is so tendered as to amount to a condition that acceptance will be in satisfaction of the demand it must be accepted upon the terms offered, and an acceptance is a bar to a right of action on the demand. (*Rayburn* v. *Day,* 27 Ill. 46; *White* v. *Jones,* 38 id. 159; *Lapp* v. *Smith,* 183 id. 179.) In any case of tender where there is a suit the money must be brought into court, (*Wood & Co.* v. *Merchants' Loan and Trust Co.* 41 Ill. 267; *O'Riley* v. *Suver,* 70 id. 85;) to enable the plaintiff, if he sees proper, to accept the amount tendered and thus put an end to the litigation. The defendant did not bring itself within the terms of the statute by bringing the money into court, but after judgment was entered for the amount admitted to be due it paid the judgment. The court did not err in refusing the proposition of law, both because the defendant did not actually tender any money, so that the proposition was not based upon fact, and because of the further recital that if judgment is rendered for the amount admitted to be due and the judgment is satisfied by paying it, such facts constitute satisfaction of the claim.

The defendants in error have moved for an assessment of damages against the plaintiff in error on the ground that the appeal was obviously for delay. This is not an appeal, but the plaintiff in error petitioned this court for a writ of *certiorari* to review the judgment against it, and upon consideration of the petition and the reply of the defendants in error thereto the writ was allowed. The court having considered the case one proper to be reviewed, the plaintiff in error is not chargeable with any delay caused by the allowance of the writ, and the motion is denied.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*