Central Trust Company of Illinois, Administrator with Will Annexed of the Estate of Arthur H. Reynolds, Deceased, Appellee, v. O. C. Hagen, Appellant.

Gen. No. 32,718.

O'Connor, P. J., dissents.

Opinion filed June 25, 1928.   Rehearing denied July 9, 1928.

Sonnenschein, Berkson, Lautmann & Levinson, for appellant; Henry L. Kohn, of counsel.

Pratt & Zeiss, for appellee.

Mr. Justice McSurely delivered the opinion of the court.

Defendant appeals from a judgment against him for $1,565.34 entered after trial by the court.

The suit was upon promissory notes executed by the defendant and was originally for $4,989.25. The affidavit of merits admitted $3,551.70 to be due and judgment for this amount was entered, and the trial proceeded for the balance claimed and the instant judgment followed.  The defense as to this balance was accord and satisfaction.

The execution of the notes was admitted by the affidavit of merits, which further alleged that there was due from Arthur H. Reynolds, the holder of the notes, to defendant a certain amount for rental of office space. The affidavit admitted $3,551.70 to be due and therein

tendered said sum, together with plaintiff's costs, in full accord and satisfaction of any and all claims of plaintiff. Defendant's counsel attempted to deposit the amount of the tender with the clerk of the municipal court, who refused to accept the money, and thereafter defendant, through his counsel, moved the court for an order directing the clerk to accept the tender. When the motion was called, one of the attorneys for the defendant placed the amount of the tender with costs, in money, on the bar of the court and stated that defendant tendered the money to plaintiff in full satisfaction of all claims and demands of plaintiff in this case against the defendant. The attorney for plaintiff stated that he refused the tender. Defendant's counsel then asked the trial judge to enter an order directing the clerk to accept the money, but the court stated that it was not necessary, as the tender had been made in open court, that the tender was alive and the defendant was fully protected. The attorney for plaintiff then asked for judgment for the amount admitted to be due, and judgment for this amount—$3,551.70—and costs was entered. Plaintiff's attorney then took the money which had remained on the bar of the court and on his motion the judgment for $3,551.70 was satisfied. Plaintiff's attorney then asked that the trial proceed as to the balance claimed. Defendant was then given leave to file an amended affidavit of merits, which set up the tender in full settlement of all claims and the acceptance of the same by the plaintiff, claiming an accord and satisfaction. Upon trial for the balance claimed, the finding was against the defendant and the instant judgment for $1,565.34 was entered.

We are of the opinion that the facts show an accord and satisfaction. There was a dispute as to the amount due and an actual tender of money to which was attached the condition that plaintiff could only take the same in full settlement of all its claims. The

case comes within the rule stated in *Watson v. Lee Loader & Body Co.*, 302 Ill. 276, where, after reciting section 55 of the Practice Act, Cahill's St. ch. 110, ¶ 55, which provides for partial judgments and under which plaintiff proceeded in the instant case, the court said:

"That section has not repealed the statute in relation to tender, nor abolished the law of tender and deprived any party of its benefit. The statute gives a defendant the right to make a tender, after an action is brought upon any contract, of the sum due thereon, with the legal costs of suit incurred up to the time of the tender, and if plaintiff accepts the tender upon the terms offered he cannot afterwards maintain his suit, as the tender operates as a satisfaction of his claim. If money is so tendered as to amount to a condition that acceptance will be in satisfaction of the demand it must be accepted upon the terms offered, and an acceptance is a bar to a right of action on the demand." Citing cases.

The decision in that case turned upon the absence of the actual money in court, the defendant merely incorporating a tender in his affidavit of merits and doing nothing more. The opinion proceeds:

"In any case of tender where there is a suit the money must be brought into court, *(Wood & Co. v. Merchants' Loan and Trust Co.*, 41 Ill. 267; *O'Riley v. Suver*, 70 id. 85;) to enable the plaintiff, if he sees proper, to accept the amount tendered and thus put an end to the litigation. The defendant did not bring itself within the terms of the statute by bringing the money into court, but after judgment was entered for the amount admitted to be due it paid the judgment."

The instant case is clearly distinguished from the cited case. There, the defendant did not bring the money into court, but after judgment was entered paid the amount admitted to be due. Here, the defendant

brought the actual money into court, tendering it in full settlement of all claims. Defendant did not pay the judgment, but plaintiff took the money tendered by defendant and applied it in satisfaction of its judgment.

The money was subject to appropriation by the plaintiff only upon the condition named, to wit, full satisfaction of all claims. Plaintiff could not by physically appropriating the money forcibly separate it from this condition. Plaintiff could either leave it or take it, and when it took the money it accepted the condition attached thereto.

Whether the amount accepted was less than the plaintiff was entitled to receive or would have recovered is immaterial and does not in any way affect the rule of tender. *Canton Union Coal Co. v. Parlin & Orendorff Co.,* 215 Ill. 244; and it is immaterial whether the counterclaim in dispute is set-off or recoupment. *Ostrander v. Scott,* 161 Ill. 339; *Lapp v. Smith,* 183 Ill. 179; *Snow v. Griesheimer,* 220 Ill. 106; see also *In re Estate of Cunningham,* 311 Ill. 311. In *Lapp v. Smith,* 183 Ill. 179, the opinion quotes the apt language of *Fuller v. Kemp,* 138 N. Y. 231, as follows:

"The tender and the condition could not be dissevered. The one could not be taken and the other rejected. The acceptance of the money involved the acceptance of the condition, and the law will not permit any other inference to be drawn from the transaction. Under such circumstances the assent of the creditor to the terms proposed by the debtor will be implied, and no words of protest can affect the legal quality of this act."

Many other supporting cases might be cited sustaining our conclusion that an accord and satisfaction of plaintiff's claim was amply proven.

Plaintiff argues that an administrator cannot compound a claim without the approval of the probate court. We do not read the statute in question, section

83 of chapter 3, Administration Act, Cahill's St. ch. 3, ¶ 84, as holding the settlement of a claim is void. It simply provides that the court may order an administrator or executor to compound a claim. It is evident that such an order is for the protection of the administrative officer. We do not read any of the cases cited by plaintiff as applicable to the present situation.

It is also said that the acceptance of a tender in full accord and satisfaction by the attorney cannot bind his client, but under paragraph 5, chapter 135, Illinois Statutes, Cahill's St. ch. 135, ¶ 5, it is provided that the tender may be made "either to the plaintiff or his attorney in the suit," and that such tender is available as a defense.

It is not necessary to submit propositions of law upon trial in the municipal court to have the judgment reviewed by the Appellate Court. *Zanias v. Davies Laundry Co.*, 242 Ill. App. 637; *Pittsburgh, C., C. & St. L. Ry. Co. v. Chicago City Ry. Co.*, 300 Ill. 162.

Although counsel for plaintiff have submitted a very ably written brief, it cannot prevail and for the reasons above indicated the judgment entered is reversed, and as the case was tried by the court we will enter judgment in this court that the plaintiff take nothing.

*Reversed and judgment of nil capiat.*

MATCHETT, J., concurs.

MR. PRESIDING JUSTICE O'CONNOR dissenting: In my opinion the judgment of the municipal court of Chicago should be affirmed. I agree with the law announced in the majority opinion and if the facts adduced on the trial were properly before us the question whether the judgment should be reversed would be an exceedingly close one; but I am of the opinion that the facts adduced on the trial of the case are not properly before us.

The record discloses that on July 12, 1926, the court, on motion of plaintiff, entered judgment on the plead-

ings in plaintiff's favor for $3,551.70, being the amount due as admitted by the defendant in his affidavit of merits. The judgment then awards an execution and continues:

"The plaintiff having in open court acknowledged the payment in full to said plaintiff of the amount of the judgment in this cause, it is ordered that said judgment be and it hereby is satisfied in full of record.

"The Court reserves for future determination and adjudication the matter of the balance of plaintiff's demand claimed in said plaintiff's affidavit of claim and the matter of whether further costs shall be allowed herein to either of the parties to this cause.

"It is further ordered that the Court retain jurisdiction herein, and that this suit proceed as to said portion of the plaintiff's demand in dispute as if the suit had been brought therefor.

"On motion of the defendant it is ordered by the Court that leave be and hereby is given to file amended affidavit of merits in ten days."

Nine days afterwards the defendant pursuant to the leave given filed his amended affidavit of merits and on September 24, 1926, plaintiff's motion to strike the amended affidavit from the files was overruled except as to the fifth paragraph thereof which was sustained. About eighteen months after the judgment above mentioned was entered, namely, on January 23, 1928, the cause as to the remainder of plaintiff's claim came on for trial before the court without a jury and on the hearing the defendant, over plaintiff's objection, introduced evidence tending to show what took place before the court on July 12, 1926. This evidence was to the effect that when the matter came on before the court on that date the defendant tendered $3,551.70 in money and placed it upon the bar of the court. The tender was made on condition that it be accepted by plaintiff in full of his claim; that plaintiff refused such tender and thereupon moved the court to enter judg-

ment in its favor upon the pleadings; that immediately after the judgment was entered counsel for the plaintiff stepped to the bar of the court and took the $3,551.70 and acknowledged payment of the judgment. This evidence tended to contradict the record of the judgment because it was to the effect that plaintiff had accepted the money in payment in full of all of its claim, while the judgment recites that the plaintiff acknowledged receipt of payment of the judgment and not of his claim. This plaintiff had a right to do under section 55 of the Practice Act, Cahill's St. ch. 110, ¶ 55.

So far as the judgment entered on July 12 discloses, the defendant acquiesced in what the court did at that time. It is elementary that the recitals of a judgment import absolute verity and cannot be contradicted. *People v. Noonan,* 276 Ill. 430. If the defendant desired to review the action of the court as shown by the record of July 12, 1926, he should have preserved the facts that occurred at that time by bill of exceptions, stenographic report or some other proper manner provided by law. Not having done this he cannot eighteen months afterwards adduce testimony tending to show what occurred in court at that time and which tends to contradict the record.

Bills of exceptions were first introduced by Statute of Westminster 2. *Jones v. Sprague,* 3 Ill. 55. It was the practice to file an exception at the time the ruling complained of was made or during the trial. This has been modified by statute in this State which permits the filing of a bill of exceptions upon leave of court at any time during the terms at which judgment was entered or within such time thereafter as shall during such time be fixed by the court. Section 81, Practice Act, Cahill's St. ch. 110, ¶ 81. In *Village of Franklin Park v. Franklin,* 228 Ill. 591, it was held that where it was desired to question the ruling of a trial court, which was not saved by the common-law record, it must be preserved by a bill of exceptions

whether the ruling excepted to was final and appealable or not. That was a special assessment proceeding. The legal objections were heard and overruled. At the next term of court, the question of benefits was disposed of. The court held that to preserve the question on the ruling of the court on the legal objections, leave must have been obtained during the term at which the legal objections were disposed of, to file a bill of exceptions. The court there said (p. 592):

"The only ground upon which it is insisted that this bill of exceptions could be signed and sealed in September when the time was not extended at the May term is, that the order overruling the legal objections was not a final and appealable order. But that does not create any exception to the general rule. The statute contemplates, and in fact provides, that the hearing of these cases shall be conducted as other cases at law, and the same rule must apply that applies in all other cases. Motions may be made and acted on in relation to process, to pleadings, or to almost any conceivable thing, in course of legal proceedings, and the fact that the rulings cannot be appealed from and are not final in the case does not affect the question when the bill of exceptions must be taken."

In the instant case the bill of exceptions was not taken within thirty days after the judgment of July 12, 1926, was entered, and the defendant could not, nearly one year and one-half afterwards, introduce evidence to show what took place before the court on July 12.