532

## Outagamie Milk & Produce Company, Appellee, v. Western Dairy Company, Appellant.

### Gen. No. 33,969.

Opinion filed May 28, 1930.

EDELSON & PAULLIN, for appellant; HYLAND J. PAULLIN, of counsel.

ALLEN, WARD & GALLAGHER, for appellee; WILLIAM H. GALLAGHER and HENRY L. PHOENIX, of counsel.

Mr. Presiding Justice Wilson delivered the opinion of the court.

The plaintiff, Outagamie Milk & Produce Co., a corporation, filed its suit against the defendant, Western Dairy Co., a corporation, for goods sold and delivered, with a statement of the account attached to the declaration. The affidavit of claim stated that there was due from the defendant the sum of $6,379.07. The defendant filed its plea setting forth that it had a good defense to the action, except as to the sum of $2,043.40. As to this amount, the defendant brought it into court, together with costs amounting to $11.95, and on its own motion leave was granted to defendant to pay said amount to the clerk of the court as a tender by the defendant in full satisfaction of the amount claimed by the defendant to be due to the plaintiff, together with the court costs to the date of the motion. The clerk was directed by said order to accept it in full payment and satisfaction of the plaintiff's claim. The money was not received by the plaintiff nor accepted by it and, so far as the record shows, still remains in the hands of the clerk of the superior court.

At a later date, on motion of plaintiff, judgment was entered in the superior court for the sum of $2,043.40, based on defendant's affidavit of merits. Said suit was ordered to proceed as to the balance of plaintiff's demand in dispute. From this judgment defendant prays an appeal to this court.

Defendant seeks to reverse this judgment on the ground that the payment of the money to the clerk of the superior court was a satisfaction of plaintiff's claim and that the trial court was in error in entering the judgment for that amount and ordering the cause to proceed to trial as to the balance.

Section 55 of the Practice Act, Cahill's St. ch. 110, ¶ 55, provides, among other things, that "If the affidavit of defense is to only a portion of the plaintiff's

demand, the plaintiff shall be entitled to a judgment for the balance of his demand, and the suit shall thereafter proceed as to the portion of the plaintiff's demand in dispute as if the suit had been brought therefor."

This section of the Practice Act, however, has not repealed the statute in relation to tender known as the Tender Act, chapter 135, Cahill's Illinois Revised Statutes, 1929. The Tender Act provides that if money is tendered as a condition that acceptance will be in satisfaction of the demand, it must be accepted upon the terms offered and the acceptance is a bar to a right of action on the demand. In the case before us, however, there does not appear to have been an acceptance of the tender by the plaintiff. The money was paid to the clerk of the court on defendant's own motion, where it still remains. There having been no acceptance of the tender by the plaintiff, the trial court properly entered judgment for that amount and directed the cause to proceed as to the balance.

It requires something more than a tender to create a satisfaction. There must be an acceptance by the plaintiff, or such a set of circumstances as would imply an acceptance. It was not necessary that the money be paid into the hands of the clerk. It would have been sufficient if the money had been brought in and tendered in open court.

We are referred by counsel to the case of *Watson v. Lee Loader & Body Co.*, 302 Ill. 276. From the facts in that case it appears that the defendant in that case did not bring itself under the terms of the statute by bringing the money into court. If the plaintiff in the case at bar had accepted the money and satisfied the judgment, it would have amounted to an acceptance, but such was not the fact.

In the case of *Central Trust Co. of Illinois v. Hagen*, 249 Ill. App. 507, the money was brought into court and tendered in full settlement and the plaintiff took the

money so tendered and applied it in satisfaction of the judgment. In that case the money was paid in the court on the condition that its acceptance would amount to a satisfaction of all claims. *Central Trust Co. v. Hagen* has since been reversed by the Supreme Court [339 Ill. 384, and a petition for rehearing was denied June 4, 1930].

As we have pointed out, there does not appear in the record in this cause anything to indicate that the tender was accepted or the judgment satisfied.

For the reasons stated in this opinion, the judgment of the superior court is affirmed.

*Judgment affirmed.*