(No. 25833.

Frank P. Burnett, Appellant, *vs.* The West Madison State Bank *et al.*—(John F. Novak, Appellee.)

*Opinion filed Dec. 12, 1940—Rehearing denied February 12, 1941.*

Louis David Friedman, Fred Albert, and Sol R. Friedman, (I. S. Friedman, and John C. DeWolfe, of counsel,) for appellant.

Howard D. Moses, LeForgee, Samuels & Miller, and Campbell, Clithero & Fischer, (Delbert A. Clithero, and Thomas W. Samuels, of counsel,) for appellee. .

Mr. Justice Murphy delivered the opinion of the court:

November 12, 1929, the West Madison State Bank and the Garfield State Bank were consolidated and a certificate of organization was issued to the latter bank as successor to the two banks. It was alleged in plaintiff's complaint that the West Madison State Bank never transacted any business as a banking institution subsequent to the consolidation, and that at the time it ceased to transact business its liabilities exceeded its assets by $600,000. The Garfield State Bank was closed by the Auditor June 11, 1931, without having paid all the indebtedness of the West Madison State Bank. A receiver was appointed for the Garfield State Bank and the liquidation of the assets was started.

In August, 1937, appellant, Frank P. Burnett, a depositor of the West Madison State Bank and a creditor at the time of the consolidation, filed a complaint in the circuit court of Cook county to enforce the superadded liabilities of the stockholders of the West Madison State Bank. The suit was prosecuted as a representative action. Appellee Novak, a stockholder of the bank, owning five shares from February 10, 1925, to February 9, 1928, moved to strike the amended complaint and dismiss the suit on the grounds (1) that it appeared from the face of the pleading plaintiff's cause of action was barred by the five-year Statute of Limitations, and, (2) that by the consolidation proceeding the Garfield State Bank had assumed the liabilities of the West Madison State Bank and, by operation of law, the stockholders were thereby discharged from the constitutional liability. The motion was overruled and, after appellee elected to stand on his motion, a decree *pro confesso* was taken and judgment was entered against appellee for $500, the par value of the five shares of stock registered in his name. On appeal the Appellate Court held the action barred by the five-year Statute of Limitations, (Ill. Rev. Stat. 1939, chap. 83, par. 16,) re-

versed the judgment and remanded the cause to the trial court, with directions to sustain the motion to strike and dismiss the suit as to appellee. The Appellate Court issued a certificate of importance and the case is here for further review.

Both parties concede that an action brought to enforce the liability imposed by section 6 of article 11 of the constitution against stockholders of a State bank may, by lapse of time, be barred by statutory limitation, but there is sharp disagreement as to which section of the Statute of Limitations operates as a bar. Appellant's position is that such an action is founded on the transaction which makes the one or ones bringing the action creditors of the bank, and if it is in writing, or the indebtedness which forms the basis of the action is evidenced by writing, then the action can be barred only by section 16 of the Statute of Limitations, which provides in part: "Actions on * * * written contracts, or other evidences of indebtedness in writing, shall be commenced within ten years next after the cause of action accrued." Appellee contends the action is based upon an obligation imposed by the constitution, that it comes into existence by operation of law, is distinct from the transaction between the creditor and the bank, and may be barred by section 15 of the act which provides in part: "Actions on unwritten contracts, express or implied, * * * and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." The Appellate Court adopted the view that plaintiff's cause of action came within the classification of the statute of "all civil actions not otherwise provided for."

No point is made as to the date of the accrual of the action,—that is, whether it accrued the date the West Madison State Bank ceased business, November 12, 1929, or whether it accrued the date of the closing of the Garfield State Bank, June 11, 1931, for more than five years

elapsed between either of said dates and the commencement of the suit in August, 1937.

In the many cases that have come to this court involving stockholders' constitutional liabilities certain principles defining the character of such liability have been stated so often and they are so well established as rules of law that the mere statement of the ones material here is sufficient. The constitutional liability of the stockholder to the creditor is based upon contract and a person who becomes a stockholder assumes a primary liability to the creditor of the corporation to an amount equal to his stock. It is a several and individual liability on the part of each stockholder to each creditor. *Golden* v. *Cervenka,* 278 Ill. 409; *Sanders* v. *Merchants State Bank,* 349 id. 547.

Both sections 15 and 16 prescribe the limitation of time beyond which no action can be maintained if the Statute of Limitations is interposed as a defense. Either section operates as a bar to the action and leaves the debt itself unpaid, but no legal remedy available to enforce payment.

Appellee's contention, that a cause of action to enforce a stockholder's constitutional liability is not based upon the transaction between the creditor and the bank but is separate and distinct therefrom and arises by implication of law from the constitutional provision, requires a consideration of one of the essential elements of such a cause of action. The pertinent part of the constitutional provision is: "Every stockholder in a banking corporation or institution shall be individually responsible and liable to its creditors," etc. The liability thus imposed upon the stockholder is for the sole benefit of the creditors of the bank, and the one bringing an action to enforce such liability has the burden of proving he is a creditor of the bank. To be a creditor presupposes the establishment of the relationship of debtor and creditor between the bank and the individual. Such relationship must necessarily arise from a transaction, a series of transactions or an occurrence of some char-

acter which leaves the bank indebted to the one or ones seeking to enforce the liability. The constitutional liability is not imposed for the benefit of any particular class or group of creditors of the bank but includes all creditors of the bank. It is obvious that such relationship may arise in innumerable ways but whatever the origin of the relationship may be, when challenged, it is incumbent upon the creditor to prove the transaction or occurrence from which the relationship of debtor and creditor arises. The proof of such relationship may rest in writing evidenced by the books of the bank or by the written obligations of the bank issued to the creditor or it may, under certain circumstances, be provable only by parol evidence.

The stockholder's liability and his relationship as a stockholder to the transaction between the bank and the creditor was considered in *Sanders* v. *Merchants State Bank, supra,* where it was said: "The stockholder is liable to the same extent as the bank—that is, to pay upon demand made of the bank in such sums, at such times and to such persons as the depositor may direct. He can be held on no other terms and no action can be maintained against him until demand is made on the bank. The stockholder is under no stricter liability than the bank, but under the constitution his liability is identical with the liability of the bank during the time he remains a stockholder and not something different."

The conclusion to be drawn from these principles is that the contract between the bank and the creditor from which the relationship of debtor and creditor arises constitutes one of the essential elements of the cause of action in a suit brought to enforce the stockholder's constitutional liability. Appellee's contention that the stockholder's liability arises solely by implication of law from the constitutional provision can not be sustained. Since the action against the stockholder is founded on the liability of the bank to the creditor, it follows that the statutory limitation

which would bar a creditor's action against the bank would also bar his action against the stockholder. *Sanders* v. *Merchants State Bank, supra.*

There is considerable argument in the briefs of the respective parties as to whether the five-year or the ten-year Statute of Limitations should apply. The Statute of Limitations is an affirmative defense and the burden of proving it rests upon the party pleading it. (*Schell* v. *Weaver,* 225 Ill. 159.) It is a well-established principle of pleading that the Statute of Limitations can not be raised by a demurrer or motion to strike unless it affirmatively appears from the pleadings attacked, that the cause of action is barred by the particular section of the Limitations act being interposed as a defense. In the *Sanders case, supra,* it was held that since the liability of each stockholder was individual to each creditor, it was incumbent upon the defendant to show the claim or claims which he contended was barred by limitation. It was said: "Since no distinct, individual item of liability or class of items is pointed out in the argument as having accrued during the ownership of any particular shares of stock and no date for the beginning of the running of the Statute of Limitations for any particular debt or class of debts, there is no basis for holding that any statute of limitations applies to any debt included in the decree."

It is alleged in the complaint that the indebtedness of the class of creditors which appellant represents was evidenced by passbooks, a certificate of deposit, bank books or other evidence of indebtedness, in writing, but the five-year limitation defense interposed by appellee's motion is not directed against this class of claims but is limited to the individual claim of appellant. It is not alleged in the complaint whether appellant's claim against the bank arises from a written or oral contract, and this is material in determining whether the five-year or the ten-year Statute of Limitations should apply. The allegation was that ap-

pellant was a depositor of the West Madison State Bank, but proof that he was a depositor would not establish that he became such by parol agreement. On the question presented by appellee's motion it can not be assumed he became a creditor of the bank by a parol contract, express or implied.

If a cause of action against a bank came within the class of actions designated in section 15 of the Statute of Limitations as a "civil action not otherwise provided for," then the limitation prescribed by the section would be available as a defense in a creditor's action against the stockholder but, under the facts pleaded, it could not be assumed that appellant's cause of action was in such class. The Appellate Court erred in holding that the appellee's motion properly raised the five-year limitation in bar of appellant's cause of action.

The contention that the conclusions reached are contrary to certain expressions in *Heine* v. *Degen*, 362 Ill. 357, is without merit. The questions here presented were not before the court in that case. There is nothing in that case in conflict with the views here expressed.

The second ground assigned by the appellee for dismissal of the suit is based on two propositions only slightly variant. The primary conception of appellee's contention under this point is that when the West Madison State Bank was consolidated with the Garfield State Bank the liabilities of the former bank were assumed by the latter and that, by operation of law, such consolidation extinguished any further liability of the West Madison State Bank or its stockholders to the creditors of the bank. The appellee further says that, after the consolidation, the creditors of the West Madison State Bank looked to the consolidated bank for payment of their claims and their conduct in accepting dividends on their deposits from the receiver appointed to liquidate the Garfield State Bank, and the delay in waiting nearly eight years before assert-

ing their claims against the stockholders of the West Madison State Bank, did, as a matter of law, work a novation and constituted the Garfield State Bank and its stockholders appellant's debtors, and that the West Madison State Bank and its stockholders were thereby discharged from further liability.

To constitute novation by substitution of debtors, it is essential the creditor shall have consented to the substitution of a new debt and debtor and shall have agreed to release his original debtor and to accept in his stead the new party. (*Commercial Nat. Bank* v. *Kirkwood,* 172 Ill. 563; *Kiefer* v. *Reis,* 331 id. 38; *Hayward* v. *Burke,* 151 id. 121.) Assent of the creditor to the novation may be implied from facts and circumstances attending the transaction or from the subsequent conduct of the creditor, (*Walker* v. *Wood,* 170 Ill. 463; *Hayward* v. *Burke, supra;*) but no facts are alleged in this complaint from which a novation can be implied. The mere consolidation of the banks, and the continuance of appellant's deposit with the new bank together with his acceptance of dividends in the liquidation proceedings and the delay in pressing his claim against the stockholders of the old bank, do not constitute a novation as a matter of law. (*Walker* v. *Wood, supra; Hayward* v. *Burke, supra.*) Novation is never presumed. It is an affirmative defense and must be proved by clear and competent legal evidence.

The question is one of intent and the intent of the appellant as a creditor-depositor to release the West Madison State Bank and to look only to the consolidated bank for the payment of his deposit will not be presumed from the mere fact of consolidation nor from his acceptance of payments from the consolidated bank. The appellant, as a depositor of the West Madison State Bank, was in no position to prevent the consolidation and it does not appear from the complaint that he consented to the release of the liability of that bank and the substitution of the Garfield

State Bank as his debtor. The facts alleged are consistent with the idea that he might have intended to look to both banks for payment. In the absence of clear proof of novation, the fact of consolidation would make the Garfield State Bank an additional debtor and, by accepting part payment from the additional promisor, the claim would not be relinquished against the former bank or the liability of its stockholders thereby discharged. The fact that the creditor knew of the consolidation and received part payment from the consolidated bank would not constitute a novation as a matter of law. *Walker* v. *Wood, supra;* 87 A.L.R. 281.

For the reasons assigned, the judgment of the Appellate Court is reversed, and the decree of the circuit court of Cook county is affirmed.

> *Judgment Appellate Court reversed;*
> *Decree of circuit court affirmed.*

SHAW and WILSON, JJ., dissenting.