(No. 4642-

W. GORDON GARRETSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 8, 1957.*

SORLING, CATRON AND HARDIN, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, C. J.

On September 10, 1954, claimant, W. Gordon Garretson, filed his complaint seeking to recover the sum of $642.24, the same being the balance alleged to be due him for architectural services from the State of Illinois.

The record consists of the following:

Complaint.
Amended answer.
Reply of claimant.
Departmental Report.
Transcript of evidence.
Statement, brief and argument of claimant.
Brief and argument of respondent.
Reply brief of claimant.

The facts of the case are as follows:

On February 5, 1946, claimant entered into a contract with the Department of Public Works and Buildings of the State of Illinois for architectural services for the

construction of a combined shop, garage and office building at Joliet, Illinois. Claimant prepared drawings and specifications, and, in addition, was to furnish supervisory service. Claimant was paid a substantial portion of his fee, but alleges in his complaint that a balance of $642.24 is still due.

There is no question as to the work having been completed, or the validity of the charges. The sole question is whether or not his final bill was barred by the statute of limitations.

Respondent argues that the appropriation lapsed before the claim was made, and is, therefore, barred by the statute of limitations.

Claimant replies that his contract for supervisory services was a continuing one, and, until such time as he was formally advised by the Department that the building was accepted, and, therefore, nothing more required of him, he held himself in readiness to furnish such additional supervision as may have been required.

At the time of the hearing, the architect for the Department of Public Works and Buildings was no longer an employee of the State of Illinois, and was not available to testify in this case. As a result, the evidence does not disclose with certainty when the building was completed and accepted by the state, so that a time certain could be established from which the statute of limitations would begin to run.

A Departmental Report, dated October 25, 1954, signed by E. A. Rosenstone, Director of the Department of Public Works and Buildings, contains the following paragraph:

"The Division of Architecture and Engineering has no records to indicate that a requisition was furnished to them for this fee. However, it has

been established that the services were performed, and that Mr. Garretson is entitled to the amount of $642.24 from the State of Illinois."

Rule No. 16 of the Court of Claims is as follows:

"All records and files maintained in the regular course of business by any State Department, commission, board or agency of respondent, the State of Illinois or the Board of Trustees of the University of Illinois, and divisions and agencies under the control of such Board of Trustees, and all departmental reports made by any officer thereof relating to any matter or case pending before the Court shall be prima facie evidence of the facts set forth therein; provided, a copy thereof shall have been first duly mailed or delivered by the Attorney General or the Legal Counsel of the Board of Trustees of the University of Illinois to the claimant, or his attorney of record."

It is well settled law that the statute of limitations is an affirmative defense, and the burden of proving it rests upon the party pleading it.

> *Burnett* vs. *West Madison State Bank*, 375 Ill. 402, 31 N.E. (2d) 776.
> *Hood* vs. *Commonwealth Trust & Savings Bank*, 376 Ill. 413, 34 N.E. (2d) 414.
> *Jones* vs. *Katz*, 325 Ill. App. 65.

Respondent has not shown by a preponderance of the evidence that the claim was barred by the statute. In fact, the Departmental Report, under rule No. 16 of the Court Claims Act, establishes a prima facie case in favor of claimant.

An award is, therefore, made to claimant in the amount of $642.24.