Reconstruction Finance Corporation, Appellant, v. Albert Pines et al., Trading as J. Pines and Sons, Appellees.

## Gen. No. 39,824.

Opinion filed May 3, 1938.

L<small>EE</small> W<small>ALKER</small>, M. O. H<small>OEL</small>, H<small>AROLD</small> S. W<small>ALTERS</small> and J<small>OHN</small> H. H<small>ARDIN</small>, all of Chicago, for appellant.

B<small>ENJAMIN</small> B. C<small>HODASH</small>, of Chicago, for appellees.

M<small>R</small>. J<small>USTICE</small> J<small>OHN</small> J. S<small>ULLIVAN</small> delivered the opinion of the court.

This is an action brought by plaintiff, Reconstruction Finance Corporation, against Albert Pines, Eugene J. Pines and Samuel Pines, individually and as copartners doing business as J. Pines and Sons, for a balance of $1,100 due on a negotiable promissory note for $5,000 executed by defendants. Plaintiff, after its motion to strike defendants' answer had been denied, filed a reply to said answer. The trial court sustained defendants' motion to strike plaintiff's complaint and reply and entered judgment against plaintiff for costs. This appeal followed.

Plaintiff's verified complaint alleged the execution and delivery by defendants to the United American Trust & Savings Bank on May 23, 1932, of the note which is the subject matter of this action, the default of the defendants in the payment of same, the amount due on the note and that plaintiff is the legal holder thereof.

Defendants' answer admitted the execution of the note and that plaintiff is the legal holder thereof, but denied their default in the payment of same and that anything was due plaintiff thereon. The answer then alleged that September 25, 1933, the business owned by the defendants under the partnership name, J. Pines and Sons, was incorporated under the same name, the corporation assuming all the assets and liabilities of the copartnership, including the indebtedness evidenced by the note in question; that the corporation continued to make payments on the note to the payee named therein, the United American Trust & Savings Bank, which accepted such payments; that plaintiff confessed judgment on the note against J. Pines and Sons, a corporation, in the circuit court of Cook county; that the corporation filed a petition for reorganization under section 77-B of the Bankruptcy Act, listing plaintiff as a creditor for $1,100, the amount for which it had confessed judgment on the note against the corporation; and that plaintiff filed its claim and acceptance of the offer of settlement made in the reorganization proceeding.

Plaintiff's motion to strike defendants' answer averred in substance that the answer did not allege that plaintiff agreed or consented to the assumption of payment of the note by the corporation and that it did not allege that plaintiff agreed to accept the liability of the corporation in lieu of that of the partnership, the original maker of the note; that neither by securing the judgment on the note against the corporation nor by filing a claim against it in the reorganization pro-

ceeding under section 77-B of the Bankruptcy Act did plaintiff waive or release the liability of the original signers of the note; that acceptance of payments on the note from the corporation by the United American Trust & Savings Bank did not release the original signers of the note, the answer having failed to allege that the bank agreed to release the liability of the defendants on said note; and that the answer was not sworn to as required by the statute.

After its motion to strike defendants' answer had been overruled, plaintiff filed its reply thereto, which, after denying in effect that it filed its acceptance of the plan of settlement offered in the proceeding for the reorganization of the corporation under section 77-B of the Bankruptcy Act, and that neither it nor any previous holder of the note agreed to accept the liability of the corporation on the note in lieu of that of the copartnership, alleged that at no time during the period when payments were being made on said note did plaintiff or any prior holders thereof know of the formation of the corporation or of the assumption of the liability on the note by it.

In their motion to strike plaintiff's complaint and reply and to dismiss this action defendants alleged that "said complaint and reply to the answer of the defendants fails to state a cause of action, in that the claim of the plaintiff, as alleged in the complaint and replication, indicates that there has been a waiver in election to proceed against J. Pines and Sons, a corporation, and further indicates that there has been a merger of any claim that plaintiff might have against defendants in the judgment previously entered against J. Pines and Sons, a corporation." As heretofore stated this motion to strike plaintiff's complaint and reply to defendants' answer and to dismiss the cause was sustained.

Plaintiff contends that "the defendants—the partnership and its individual members—are not released

from their liability merely by virtue of the assumption of the debt by the corporation and the entry of judgment against it, but that to release the defendants there must have been an agreement entered into by plaintiff, the defendants, and the corporation releasing the defendants from liability and substituting the corporation as plaintiff's debtor.''

The theory of the defendants as stated in their brief is that ''by confessing judgment upon the promissory note against J. Pines and Sons . . . a corporation, in a prior suit, as maker, the note was merged in the judgment and plaintiff elected and is now estopped from recovery upon the same note in the present action as against Albert Pines, Eugene J. Pines and Samuel Pines, individually and as copartners doing business as J. Pines and Sons, as makers.''

The principal contentions urged by defendants to sustain the judgment in the instant case were made and determined in *Walker v. Wood,* 170 Ill. 463. Plaintiff therein was a creditor of the defendant copartnership. The latter had conveyed its assets to a corporation which assumed the liabilities of the partnership. Plaintiff was informed by the corporation that it had assumed the partnership debts and had received payments from such corporation, which it applied on the obligation of the partnership to it. Thereafter the corporation became insolvent. Plaintiff filed its claim on the partnership debt with the receiver who had been appointed for the corporation, which claim was allowed and dividends paid thereon by said receiver. An action was then brought by the plaintiff against the members of the copartnership for the unpaid balance of its claim and it recovered judgment for same. In that case the court said at pp. 466, 467:

''The court sustained demurrers to the several amended pleas of the defendants, setting up the facts, hereinbefore stated, of the agreement by the corporation with the firm to pay the outstanding indebtedness,

the notice to the plaintiffs of the assumption of such obligation, and the proof of the claim by plaintiffs against the corporation before the receiver, and the court also modified propositions of law submitted by the defendants that such facts released and discharged the defendants. By the modification the court held that such facts were all proper to be considered upon the question of fact whether the plaintiffs did release and discharge the defendants and accept the corporation as their debtor, but that they were not necessarily conclusive as a matter of law. We regard the modification as correct. The assumption of outstanding liabilities by the corporation was a matter of agreement between it and the defendants, which could not affect the rights of the plaintiffs unless they assented to it in some way which amounted to an agreement to accept the corporation as alone liable for the indebtedness. It is essential to a novation that all the parties to the contract for which the new one is substituted consent to it. (16 Am. & Eng. Ency. of Law, 867; *Hayward v. Burke,* 151 Ill. 121.) The assent or agreement may be either express or implied, but neither knowledge of the arrangement between the corporation and the firm, nor the partial payment of the debt, nor a demand for the payment, like the filing of the claim against the corporation, nor all combined, necessarily establishes such assent or agreement as a legal conclusion. (16 Am. & Eng. Ency. of Law, 904; *Rayburn v. Day,* 27 Ill. 46; *Goodenow v. Jones,* 75 id. 48; *Hayward v. Burke, supra.*) All the facts and circumstances of the case are proper to be submitted to the jury for the purpose of determining whether the creditor has impliedly assented to the discharge of the old firm. (Parsons on Partnership, 426.) This is what the court held by the propositions as modified.''

It clearly appears that plaintiff's complaint, heretofore set forth, states a good cause of action. Did defendants' answer present a good defense thereto and

the specific nature of such defense as provided by section 40 of the Civil Practice Act (Ill. Rev. Stat. 1937, ch. 110, ¶ 164 [Jones Ill. Stats. Ann. 104.040])? The answer, after admitting the execution of the note by defendants and that plaintiff is the legal holder thereof, denied in general terms the default of defendants in payment of the note and that anything was due thereon. This denial of liability was merely a legal conclusion and insufficient as a statement of defense under subsec. 1, sec. 40 of the Civil Practice Act, which provides: "General issues shall not be employed and every answer and subsequent pleading shall contain an explicit admission or denial of each allegation of the pleading to which it relates." The answer then proceeds to allege specifically the incorporation of the business theretofore conducted by the partnership, the assumption of the assets and liabilities of the partnership by the corporation, payments made on the note by the corporation to the payee named therein and the acceptance of same, confession of judgment by plaintiff against the corporation for the balance due on the note and the filing of plaintiff's claim on its judgment in the proceeding for the reorganization of the corporation. Since there is no averment in the answer that plaintiff, defendants and the corporation agreed to the release of defendants' liability on the note and the substitution of the corporation as plaintiff's sole debtor, it must be assumed that the foregoing facts were set forth in defendants' answer as tending to establish plaintiff's implied assent or agreement to accept the liability of the corporation on the note in lieu of that of the partnership. As heretofore shown, the Supreme Court in considering an almost identical situation, under practically the same circumstances, in *Walker v. Wood, supra,* held "that such facts were all proper to be considered upon the question of fact whether the plaintiff did release and discharge the defendants and accept the corporation as their debtor,

but that they were not necessarily conclusive as a matter of law." Thus, the facts alleged in defendants' answer in and of themselves do not bar plaintiff's claim, but may only be considered on the question of fact whether by implied assent or agreement defendants were released and discharged by plaintiff from liability on the note involved herein. In our opinion plaintiff's motion to strike defendants' answer should have been sustained because of the insufficiency of such answer. The trial court having erred in failing to strike defendants' answer was presented with another opportunity to rectify its mistake. Defendants' motion to strike plaintiff's reply should have been carried back to the first defective pleading, which was defendants' answer, and the latter should have been ordered stricken.

In their motion to strike plaintiff's reply to their answer, as well as its complaint, defendants for the first time invoked the legal principles of merger and election of remedies, neither of which has any applicability to the issues presented by the facts in this case. It is urged that plaintiff is barred from recovery because its claim on the note was merged in the judgment by confession it procured on such note against the corporation and because it waived its claim against defendants, the original makers of the note, by electing to proceed against the corporation. We repeat that the doctrine of merger is inapplicable to the facts in this case. Of course, plaintiff's claim against the corporation is merged in the judgment rendered against it. However, plaintiff's claim on the note against defendants is distinct and separate from its claim against the corporation and is not in anywise affected by the judgment against the corporation, except as such judgment may be effective as evidence tending to show an implied agreement by plaintiff to accept the corporation as its debtor in lieu of the partnership. We deem it wholly unnecessary to either discuss at length or cite

authorities to refute defendants' proposition that plaintiff was compelled to an election of remedies and that having secured the judgment against the corporation it relinquished its right to proceed thereafter against the partnership and its members as the makers of the note. Defendants' position in this regard is untenable. Unless by a novation plaintiff relinquished its claim against defendants by express or implied assent or agreement, it had the undoubted right under the law to proceed against the corporation by reason of the latter's assumption of the partnership assets and liabilities, and then against the members of the copartnership on their liability as makers of the note until its claim was satisfied.

We have considered the other points urged but deem further discussion unnecessary in the view we take of this cause.

The order of the circuit court sustaining defendants' motion to strike plaintiff's complaint and its reply to defendants' answer and to dismiss this action was erroneously and improvidently entered. Plaintiff's motion to strike defendants' answer should have been sustained. Therefore the order sustaining defendants' motion to strike plaintiff's complaint and reply to defendants' answer and to dismiss the proceeding is reversed and the cause is remanded with directions that defendants' answer be stricken and that plaintiff be permitted to withdraw its reply thereto, that defendants be granted leave to file an amended answer, if they see fit to do so, and that such other proceedings be had as are not inconsistent with the views expressed herein.

*Reversed and remanded with directions.*

FRIEND, P. J., and SCANLAN, J., concur.