DECATUR MEMORIAL HOSPITAL, Plaintiff-Appellant, *v.* WEST LINCOLN TOWNSHIP, Logan County, *et al.*, Defendants-Appellees.

Fourth District   No. 13381

Opinion filed May 6, 1976.—Rehearing denied June 14, 1976.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (William O. Martin, Jr., and John E. Fick, of counsel), for appellant.

Woods & Bates, of Lincoln (William C. Bates, of counsel), for appellee West Lincoln Township.

Nichols, Jones, McCown & Lincoln, of Tuscola (Frank W. Lincoln, of counsel), for appellee Tuscola Township.

Mr. JUSTICE GREEN delivered the opinion of the court:

By its first amended complaint plaintiff, Decatur Memorial Hospital, sought recovery against defendants, West Lincoln Township, Logan County, Illinois, and Tuscola Township, Douglas County, Illinois, for medical and hospital services rendered to Jack Costello. Upon separate motions of the defendants, the trial court dismissed the complaint and entered judgments on the pleadings for each defendant. Plaintiff appeals.

The first amended complaint was in two counts with a separate count directed to each defendant. Both counts alleged that plaintiff had furnished various necessary hospital, medical, boarding and nursing services of a reasonable value of $3,621.25 for Costello and that Costello was indigent within various statutory definitions. Count I was directed against defendant West Lincoln Township and alleged that Costello was taken ill in that township. Count II was directed against Tuscola Township and alleged that he was a resident of that township. Each of the counts alleged that the supervisor of the township defendant to that count had been given due notice, in "compliance with" Rules 38.02 and 38.02.01 of the Illinois Department of Public Aid, of the admission of Costello to plaintiff's hospital and that each of the townships had refused to make reimbursement for the various services rendered to Costello.

All parties agree that a principal issue in the dispute concerns an interpretation of these rules which state:

> "Rule 38.02. When it is determined by a source of medical care or funeral director that a sick or deceased person is without sufficient income and resources to meet the cost of necessary medical care or funeral and burial and a request is being made for Assistance to the Medically Indigent, the source of medical care or funeral director shall notify the supervisor with reasonable promptness of such request and furnish information that the person does not have sufficient resources to pay the medical and/or funeral and burial expense.
>
> Rule 38.02.01. For purposes of this rule, 'reasonable promptness' is to be considered notification within five working days. However, if there are extenuating circumstances in any case the supervisor may extend the period of time for such notification. All notifications shall be made in the manner and form prescribed by the Department."

Plaintiff argues that the determination of indigency by the source (here plaintiff) is the event that triggers the running of the "five working days" period. It maintains that administrative rules should be construed like

statutes *(Rucker v. Wabash R. R. Co.* (7th Cir. 1969), 418 F. 2d 146) and the words used given their plain and ordinary meaning. *(La Salle National Bank v. Village of Burr Ridge,* 81 Ill. App. 2d 209, 225 N.E.2d 33). It contends that the plain and ordinary meaning of Rule 38.02 is that "when it is determined * * * that a sick * * * person is" indigent, "the source" shall "notify the supervisor with reasonable promptness." Accordingly, plaintiff asks that we hold that the notice requirements of the rule are met if the source notifies the appropriate supervisor of the furnishing of services within five working days after the source determines the recipient to be indigent.

Defendants argue that such a construction would make the rule unworkable because their opportunity to investigate the recipient's financial status would be lost if the source was tardy in making the determination of indigency. They cite two decisions made prior to the existence of Rules 38.02 and 38.02.01 which required that notice of services rendered by a hospital to an indigent be given to the governmental unit financially responsible within a time span measured by the date of the entry of the recipient into the hospital. *(St. Anthony's Hospital of Sisters of St. Francis, Inc. v. Fayette County,* 313 Ill. App. 653, 40 N.E.2d 538; *Rockford Memorial Hospital Association v. Whaples,* 25 Ill. App. 2d 79, 165 N.E.2d 523.) More importantly they call our attention to two decisions made after the enactment of the rules which imply *(Rockford Memorial Hospital Association v. Wells,* 89 Ill. App. 2d 277, 231 N.E.2d 459) and state as dictum *(Sisters of St. Francis v. Groveland Township,* 7 Ill. App. 3d 278, 287 N.E.2d 302) that the five-day period begins when the recipient begins to receive the services.

■■ We do not see how an interpretation of the rules is before us for decision at this time, however. The second amended complaint did not set forth the dates upon which notice was given and the motions upon which the judgment was rendered attacked the sufficiency of the complaint but did not set forth affirmative matter. The original complaint stated the dates upon which notice was given and defendants maintain that we can consider these dates as being before us because of section 45(3) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 45(3)) which states:

> "Upon motions based upon defects in pleadings, substantial defects in prior pleadings may be considered."

The Joint Committee Comments to that provision indicate that its purpose is to continue the common law rule that demurrers to a pleading may also be used to test the sufficiency of a pleading prior in the sequence of issue formation. For example in *Reconstruction Finance Corp. v. Pines,* 295 Ill. App. 262, 14 N.E.2d 886, a motion to strike a reply was held also to place in issue the sufficiency of the movant's answer. No case has been

called to our attention where section 45(3) has been held to apply to a defect in a pleading which has been superseded by amendment. The purpose of amendment is to correct such a defect.

■■ Defendants argue that plaintiff's allegation that it gave notice in "compliance with" the rules without setting forth the date upon which notice was given is too conclusionary in form. We deem the exact date upon which the notice was given to be a matter of evidence and the allegation that the notice was given "in compliance" with the rules to be an allegation of ultimate fact.

The duty of defendant townships resulting from the furnishing of the alleged services to the alleged indigent arises from section 7—1.1 of the Public Aid Code (Ill. Rev. Stat. 1973, ch. 23, par. 7—1.1), which provides in pertinent part:

> "The local governmental unit in which the person is at the time of his illness or death shall give or cause to be given the necessary aid. The term 'governmental unit', means the governmental unit responsible for providing aid under Article VI * * *.
>
> Expenses incurred under this Article by a governmental unit in behalf of a person who is a resident of another governmental unit within this State, as defined in Section 6—1.1 of Article VI, are recoverable against the governmental unit of the person's residence."

■■ West Lincoln Township is alleged to be the governmental unit where the indigent was when he fell sick and Tuscola Township is alleged to be the governmental unit of his residence. Under the statutory scheme, the primary responsibility is on the township where the indigent became sick. That township then may have an action against the township of residence to the extent that "expenses" have been incurred. The township of residence has no direct obligation to the source of the medical or hospital services. The complaint here thus fails to state a cause of action as to Tuscola Township.

■■ This point was not raised by the defendants, probably because of their joint desire for the construction of Rules 38.02 and 38.02.01 which they sought. We may search the record to affirm, however.

Accordingly, the portion of the order entering judgment on the pleadings in favor of defendant Tuscola Township is affirmed and the portion of the order entering judgment on the pleadings as to defendant West Lincoln Township is reversed and the cause is remanded to the Circuit Court of Logan County.

Affirmed in part, reversed in part, and remanded.

TRAPP, P. J., and SIMKINS, J., concur.