## HOWARD COUNTY, MARYLAND *v.* NICHOLAS MANGIONE

[No. 303, September Term, 1980.]

*Decided December 11, 1980.*

The cause was argued before LOWE, MELVIN and LISS, JJ.

*Pamela B. Sorota, Assistant County Solicitor for Howard County,* with whom was *Timothy E. Welsh, County Solicitor for Howard County,* on the brief, for appellant.

*Bernard F. Goldberg* for appellee.

LISS, J., delivered the opinion of the Court.

Appellee, Nicholas Mangione, filed a motion to dismiss this appeal under the provisions of Maryland Rules 1035 b 1 and 1036. In his motion, appellee stated that he applied to the Board of Appeals for Howard County (the Board) for a

special exception which would have permitted him to construct sheltered housing on a parcel of land which he owned in Howard County, Maryland. A hearing was held before the Board at which a number of protestants appeared and testified as to their objections to the granting of the special exception. On May 7, 1979, the Board denied the request for the special exception. On May 17, 1979, appellee filed a timely appeal to the Circuit Court for Howard County; the Board was designated as the appellee in that appeal. A hearing was held before the presiding judge (MacGill, J.), and on January 30, 1980, the court entered an order remanding the case to the Board for the purpose "of granting the special exception sought upon such conditions and safeguards as the Board may find appropriate under the regulations and the evidence."

On February 28, 1980, the members of the Board of Appeals — as individuals and as a whole — entered an appeal from the Circuit Court for Howard County to this Court, in which they designated themselves as appellants. It is to be noted that a number of individuals owning property adjacent to the Mangione tract appeared as protestants in the original hearing before the Board, but in the hearing before the circuit court, and in this appeal none of these individuals participated as "aggrieved parties." It is also to be noted that while an assistant county solicitor appeared on behalf of the Board at the original hearing and before the circuit court, Howard County never entered the original proceedings as a party to the case or as an "aggrieved party."

Appellee contends that Howard County, whose name was entered as appellant in this case by our clerk's office, has no standing to appear as a party in these proceedings as Howard County was not a party to the proceedings in the circuit court. The appellant did not contend either in its reply brief to the motion to dismiss or in oral argument that Howard County under these circumstances is a proper party to this appeal. Therefore, the sole question remaining to be decided in the disposition of appellee's motion to dismiss is whether the Board of Appeals, a quasi judicial board has standing to appeal as an "aggrieved party" from a circuit

court reversal on appeal of a decision of the Board. This issue goes to the question of the Court's jurisdiction to hear this appeal. This issue may be raised for the first time on appeal. Rule 1085.

In order to determine the Board's standing, we must examine the Howard County Charter which created the Board.

On November 5, 1968, pursuant to Article XI-A of the Maryland Constitution, the voters of Howard County, Maryland adopted a charter form of government, which, among other things, provided for a County Board of Appeals to hear and decide all appeals relating to zoning, with the exception of zoning map amendments.[1]

Pursuant to the provisions of the enabling legislation, the Howard County Charter in Section 501 (d) provides for the means of appeal as follows:

> Within thirty days after any decision of the Board of Appeals is entered, any person, officer, department, board or bureau of the County, jointly or severally aggrieved by any such decision, may appeal to the Circuit Court for Howard County, in accordance with the Maryland Rules of Procedure. The Board of Appeals shall be a party to all appeals and shall be represented at any such hearing by the Office of the County Solicitor.

---

[1] The creation and jurisdiction of the Howard County Board of Appeals was specifically authorized and delineated in the Express Powers Act, Article 25A, Section 5 (U) of the Maryland Annotated Code (1957, 1973 Repl. Vol., 1980 Cum. Supp.), which states, in part, as follows:

Section 5. The following enumerated powers are hereby granted to and conferred upon any county or counties which shall hereafter form a charter under the provisions of said Article 11A of the Constitution, that is to say:

\* \* \*

(U) County Board of Appeals

To enact local laws providing (1) for the establishment of a county board of appeals . . . (4) for the decision by the board on petition by any interested person . . .: Provided that upon any decision by a county board of appeals it shall file an opinion which shall include a statement of the facts found and grounds for its decision.

Section 121 D, of the Howard County Zoning Regulations (1977) provides that an appeal may be taken from the determination of the circuit court to the Court of Special Appeals.

It is conceded that the Board of Appeals of Howard County is an administrative body acting in a quasi-judicial capacity, and it is also conceded that there are numerous Maryland cases which deny such a body standing to appeal to a review court the reversal of one of its decisions. *See Maryland Board of Registration for Professional Engineers v. Armacost,* 286 Md. 353, 407 A.2d 1148 (1979); *Criminal Injuries Compensation Board v. Gould,* 273 Md. 486, 331 A.2d 55 (1975); *Board of Zoning Appeals for Town of Elkton v. Guns,* 259 Md. 368, 269 A.2d 833 (1970); *City of Baltimore v. Borinsky,* 239 Md. 611, 212 A.2d 508 (1965); *Maryland Board of Pharmacy v. Peco, Inc.,* 234 Md. 200, 198 A.2d 273 (1964); *Board of Zoning Appeals v. McKinney,* 174 Md. 551, 199 A. 540 (1938).

In *McKinney, supra,* the Court of Appeals in expressing the philosophy supporting its legal conclusion that a quasi judicial board had no standing to appeal, quoted from 4 C.J.S., *Appeal & Error* §205 (1957):

> As a general rule a court or board exercising judicial or *quasi* judicial functions, not being a party to its proceedings, and not having any legal interest in maintaining its determination, can neither appeal from a judgment or order of a court reversing the proceedings nor be heard on appeal. [174 Md. at 563.]

The Board of Zoning Appeals in that case was held not to be a party to the proceedings as the Board "has no interest in it different from that which any judicial or *quasi* judicial agency would have, ... is in no sense aggrieved by the decision ... has no statutory right of appeal, [and] had no power to take this appeal, [which] must be dismissed." 174 Md. at 564.

Our review of the statutory provisions establishing the Board of Appeals convinces us that not in the enabling

legislation adopted by the Maryland Legislature in Article 25A, Section 5 (U), nor in the Howard County Charter adopted by the voters of Howard County, nor in the several enactments of the Howard County Code or Zoning Regulations by the Howard County Council has the Board of Appeals ever been granted the express right of appeal from an adverse decision of the circuit court to this Court.

Appellant suggests that by designating the Board as a "party to all appeals" and by requiring the county solicitor to represent the Board at any hearing on appeal, Section 501 d of the Howard County Charter implicitly granted to the Board the right to appeal in its own name from an adverse decision of the Circuit Court for Howard County. We do not agree. The enabling legislation which created the Board spells out the exclusive method for court review of the proceedings before it. Article 25 Section (U) reads, in pertinent part, as follows:

> Any person aggrieved by the decision of the board and a party to the proceedings before it may appeal to the circuit court for the county .... Any party to the proceeding in the circuit court aggrieved by the decision of the said court may appeal from such decision to the Court of Special Appeals. The review proceedings provided by this subsection shall be exclusive.[2]

Appellant contends that it is aggrieved when its decision is reversed at the circuit court level. By analogy, if this reasoning were adopted by this Court, a district court judge might well feel that he was an "aggrieved party" if a conviction were reversed on appeal *de novo* in the circuit court. Certainly, the district court judge would have no right to appeal or ask for *certiorari* even if he perceived the involvement of a constitutional question.

---

2. Whether the jurisdiction of this Court can be extended or limited by a county charter provision providing standing to appeal where none exists by express statutory authority is a constitutional question which was not raised before us. Under these circumstances, we will not consider the question. See Attorney General v. Johnson, 282 Md. 274, 278 n.2, 385 A.2d 57 (1978).

The general rule restricting the participation of an administrative body in litigation affecting its decisions has been stated in 2 Metzenbaum Zoning 1048-49 (2d ed. 1955), which quoted *DiCillo v. Chester Zoning Board of Appeals,* 158 Ohio St. 302, 109 N.E.2d 8 (1952), as follows:

> Admittedly, the board does represent the interest that the public has in having appeals correctly heard and decided . . . . However, it does not follow that the board or any of its members as such may become partisans when one of its decisions is questioned on an appeal to a court. Sufficient partisan representation of any interest of the public in warding off appellate attacks on the decisions of the board, can be furnished . . . by 'any person aggrieved or by any officer of the township [other than members of the board as such] affected by any decision of the administrative officer.'

It is true that in *McKinney, supra,* the Court of Appeals recognized that some administrative boards and agencies are permitted to participate in litigation affecting their decisions — but only under the circumstances spelled out in that case. The Court said:

> There are administrative boards and agencies . . . the functions of which are so identified with the execution of some definite public policy as the representative of the State, that their participation in litigation affecting their decisions is regarded by the Legislature as essential to the adequate protection of the State's interests. But in such cases it will be found that the Legislature in *clear and unmistakable language* has conferred upon them the right, and charged them with the duty, of taking a part in such litigation. [Emphasis added.] [174 Md. at 561.]

This is not the situation in the case at bar. Appellant admits the Legislature has not in clear and unmistakable language conferred upon the Board the right and/or duty of

taking part in the appeal of any reversal of its decisions at the circuit court level. Appellant attempts to differentiate itself from similar boards created by charter in other Maryland counties on the ground that these other boards are not designated either by charter or statute to be a "party" to the proceedings in the circuit court for those jurisdictions. Appellant suggests that the designation of the Board of Appeals as a "party to all appeals" indicates that the framers of the Howard County Charter had in mind that the appellant be a party for purposes other than to produce the record and to notify the parties. *See Md. Board of Pharmacy v. Peco, Inc., supra.* Appellant contends that by making the Board a "party to all appeals", the charter designates the Board of Appeals as the representative in interest of the people of Howard County for the purpose of upholding the integrity of the zoning laws of Howard County.

The acceptance of this argument, we believe, would change the role of the Board from its quasi judicial obligation to decide the issues which come before it fairly and impartially to that of an advocate and defender of its decisions once they are challenged on appeal. While it may be administratively expedient to require the Board to be a party in the circuit court in order to provide that court on appeal with all the pertinent information which the Board had before it and upon which the Board reached its conclusion, there is nothing in this scheme which suggests that the charter intended to clothe the Board with the duty to represent Howard County in upholding the integrity of its zoning laws.

Section 121 D. of the Howard County Zoning Regulations (1977) designates those "aggrieved persons" who may appeal for judicial review from any decision of the Board of Appeals:

> 1. Any person, persons, taxpayer, officer, department, board or office of the County, jointly or severally aggrieved by any decision of the Board of Appeals, may appeal to the Circuit Court for Howard County by petition, duly verified, setting forth that such decision of the

Board is illegal, in whole or in part, and specifying the ground of the illegality.

\* \* \*

6. The Court may modify, reverse, or affirm, wholly or partly, or may remand for further consideration, any decision of the Board of Appeals. When a case is remanded for further consideration, the testimony, if any taken in court, shall be made available to the Board. The costs of preparing a printed record of such testimony shall be made a part of the costs of the case.

7. An appeal may be taken from the determination of the Circuit Court to the Court of Special Appeals of Maryland.

We find nothing in the charter, as proposed and adopted by the voters of Howard County, which even remotely suggests that in the event of an adverse decision in the circuit court upon appeal from the Board's quasi judicial rulings, that the Board is authorized to litigate the circuit court's conclusions in this Court. Even if, *arguendo,* such a role reversal were constitutionally permissible, which we doubt, in order to effectuate the legislative purpose the Board's right to appeal would be required to be spelled out in clear and unmistakable language. This the charter does not do.

We conclude that the Board of Appeals of Howard County does not have standing to appeal in this case and that the motion to dismiss must, therefore, be granted.

*Motion to dismiss granted.*
*Costs to be paid by appellant.*