(No. 54811.—

CHARLES SPECK *et al.*, Appellants, v. ZONING BOARD OF APPEALS OF THE CITY OF CHICAGO *et al.*, Appellees.

*Opinion filed March 16, 1982.*

Lord, Bissell & Brook, of Chicago (Robert A. Knuti and Daniel I. Schlessinger, of counsel), for appellants.

Stanley Garber, Corporation Counsel, of Chicago (Robert R. Retke and Philip L. Bronstein, Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE MORAN delivered the opinion of the court:

Amalgamated Trust and Savings Bank, as trustee, Daniel L. Houlihan, and Edward Ochylski, Jr. (applicants), applied for a special use permit under the Chicago zoning ordinance. The permit, if issued, would allow applicants to locate and erect an addition to an existing building to be used primarily as a meat-packing plant and slaughterhouse. The application was not approved by the zoning administrator, and a review was sought by the applicants before the zoning board of appeals (Board). Certain individuals (objectors) appeared in these proceedings and objected to the proposed use. Upon conclusion of the proceedings, the Board determined that the requested variation would not adversely affect the public health, safety and welfare, or substantially injure the value of other property in the neighborhood. It therefore approved the issuance of a special use permit, and the objectors filed suit in the circuit court of Cook County for administrative review. The court reversed the Board's decision and ordered that the special use variation be denied.

The Board then filed a notice of appeal to the appellate court. (The applicants, who also submitted appellate briefs, were dismissed from the case by the appellate court for failure to file a notice of appeal. By not seeking further review from the order of dismissal, it became binding and, as a consequence, the applicants are not parties to this appeal.) The appellate court, after determining that the Board had standing to challenge a reversal of its decision, concluded that the proofs failed to establish that the slaughterhouse operation would conform to the applicable regulations. It further held that the Board failed to set forth the factual findings required for the

approval of a special use variation. Finding the trial court's order of reversal proper, it nevertheless vacated the order and remanded the cause to the Board for further proceedings. (93 Ill. App. 3d 460.) We granted the objectors leave to appeal.

Two questions are raised on appeal: (1) Does the Board have standing to appeal a reversal of its own decision? (2) Did the appellate court err in remanding the cause for further proceedings? In view of our disposition of this case, it is necessary to address only the first issue.

The powers and responsibilities of the Board are set forth in the Chicago zoning ordinance (ordinance) (Chicago Municipal Code 1977, ch. 194A). Of particular relevance is section 11.3—2 of the ordinance, which provides:

"11.3—2 Jurisdiction. The Board of Appeals is hereby vested with the following jurisdiction and authority:

(1) To hear and decide appeals from any order, requirement, decision, or determination made by the Zoning Administrator under this comprehensive amendment;

(2) To hear and pass upon applications for variations and variations in the nature of special uses from the terms provided in this comprehensive amendment in the manner and subject to the standards set out herein; and

(3) To hear and decide all matters referred to it or upon which it is required to pass under this comprehensive amendment."

This section clearly indicates, and the Board concedes, that it is intended to function in an adjudicatory or quasi-judicial capacity. Primarily, the Board is empowered to conduct hearings, render decisions regarding applications for variations, and decide appeals from orders of the zoning administrator. It is noteworthy that nowhere in the ordinance is the Board authorized, expressly or implicitly, to assume the role of advocate for the purpose of prosecuting an appeal. "An administrative agency *** has no greater powers than those conferred upon it by the legislative enactment creating it." *Village of Lombard v.*

*Pollution Control Board* (1977), 66 Ill. 2d 503, 506.

Contrary to the Board's contention, the fact that it must be joined as a nominal party defendant in administrative review actions (Ill. Rev. Stat. 1977, ch. 110, par. 271) does not imply that it thereby has standing to prosecute appeals. In *222 East Chestnut Street Corp. v. Board of Appeals* (1956), 10 Ill. 2d 130, 135, *cert. denied* (1957), 353 U.S. 984, 1 L. Ed. 2d 1143, 77 S. Ct. 1284, this court stated, quoting from *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 595, "that the right to review a final administrative decision is limited to those parties of record in the proceeding before the administrative agency 'whose rights, privileges, or duties are affected by the decision ***.' " (Accord, *Lake County Contractors Association v. Pollution Control Board* (1973), 54 Ill. 2d 16, 21.) Clearly, the Board was not a party before an administrative agency. Nor does it contend that it was personally aggrieved by the reversal of its decision. Rather, the Board asserts that its responsibility to protect the public interest authorizes it to prosecute appeals.

There is no question that the Board is entrusted with the duty of protecting the public health, safety and welfare. However, the Board's obligation to the public is fully discharged when it conducts a hearing and, with due consideration to the public interest, determines the propriety of granting or denying a variation. (*Inhabitants of the Town of Boothbay Harbor v. Russell* (Me. 1980), 410 A.2d 554, 560.) Its responsibility to protect the public interest does not authorize the Board to act as a representative of the public for the purpose of vindicating its own decision on appeal. It is apparent that, in assuming the role of advocate, the Board's required duty of impartiality is compromised.

Accordingly, we agree with the majority of jurisdictions that hold that a board like the one here lacks standing to prosecute an appeal from a reversal of its own deci-

sion. *E.g., Inhabitants of the Town of Boothbay Harbor v. Russell* (Me. 1980), 410 A.2d 554; *Howard County v. Mangione* (1980), 47 Md. App. 350, 423 A.2d 263; *Hassell v. Zoning Board of Review* (1971), 108 R.I. 349, 275 A.2d 646; *A. Di Cillo & Sons, Inc. v. Chester Zoning Board of Appeals* (1952), 158 Ohio St. 302, 109 N.E.2d 8.

For the above-stated reasons, the judgment of the appellate court vacating the judgment of the circuit court of Cook County and remanding this cause to the Board is reversed, and the order of the circuit court of Cook County is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*