KIM DYER *et al.*, Plaintiffs-Appellants, v. ZONING BOARD OF APPEALS OF ARLINGTON HEIGHTS *et al.*, Defendants-Appellees.—KIM DYER *et al.*, Plaintiffs-Appellees, v. WILLIAM FARRINGTON *et al.*, Defendants-Appellants.

First District (2nd Division) Nos. 87—2814, 87—3566 cons.

Opinion filed January 31, 1989.

Jack M. Siegel, of Chicago, for appellees Zoning Board of Appeals of Arlington Heights, Village of Arlington Heights, Gary Dienstag, Anthony

Tomaso, William W. Kurnik, Norma Damm, A.T. Berk, George Hauff, and F. Marks.

James S. Jarvis, of Greenberg, Keele, Lunn & Aronberg, of Chicago, for Kim Dyer, John Dyer, Michael Witt, Diane Witt, and James Jarvis.

Lee T. Hettinger, of Chicago, for William Farrington and Susan Farrington.

JUSTICE SCARIANO delivered the opinion of the court:
In this consolidated action plaintiffs appeal the dismissal of their amended complaint, in which they sought to reverse a certain zoning variation granted to defendants William and Susan Farrington. Additionally, the Farringtons appeal the denial of their motion for sanctions against plaintiffs.

The issues raised in this appeal are as follows: (1) whether the trial court erred in dismissing plaintiffs' amended complaint for lack of standing and in denying their motion for reconsideration, motion for rehearing and request for leave to file a second amended complaint; (2) whether the trial court erred in denying plaintiffs' motion to strike the pleadings of the Zoning Board of Appeals of Arlington Heights (ZBA) as being those of a nominal defendant with no interest in the proceedings; and (3) whether the trial court erred in denying the Farringtons' motion for sanctions against plaintiffs.

The Farringtons lived in a home on a 78-foot lot contiguous to the vacant 50-foot lot which is the subject of this appeal. Sometime prior to September 1985, plaintiffs Kim and John Dyer purchased the Farrington home. At that time they declined to exercise their option to buy the adjacent lot, which was under contract to a builder for the construction of a single-family residence. The Farringtons' agreement with the builder allowed them to cancel their contract with him if they found someone willing to buy both their home and the vacant lot. The Witts live adjacent to the Farringtons' lot (the exact location of their property is not specified in the record), and James Jarvis is an attorney who lives in the subdivision.

In September 1985 ZBA denied the contract buyer's petition for a variation on the vacant lot, i.e., to reduce its size for building purposes from the zoning requirement of 70 feet to 50 feet, but in February 1986 the Farringtons' petition for the same variance was granted. Plaintiffs then filed a complaint in administrative review in the circuit court of Cook County. The Farringtons' and ZBA's motions to dismiss plaintiffs' complaint were granted; accordingly, plaintiffs filed an

amended complaint, alleging that the granting of the variance would alter the essential character of the neighborhood, result in a decrease in the value of the property of adjacent landowners, cause flooding problems for adjacent landowners and that "the plight of the Farringtons was not due to unique circumstances." Plaintiffs sought an order reversing the ZBA's decision granting a variance, as well as an order directing the ZBA to file .with the court the transcript of the two meetings at which the variation was discussed. Plaintiffs attached as exhibits to their amended complaint a letter written by Mrs. Farrington to the Arlington Heights planning commissioner and the "findings" of the ZBA. (Plaintiffs attached a more detailed "findings" statement and the minutes of the ZBA hearing at which the variance was granted to their original complaint but did not include these in their amended complaint.)

In her letter, Mrs. Farrington explained that their house was on a 78-foot lot with some 15 to 20 feet between it and the boundary line of the adjoining vacant 50-foot lot; that because Mr. Farrington's work required it, they moved out of State, thus putting them under some time pressure to complete the sale of their home; that they had originally hoped to sell their house and vacant lot as one parcel, but after a few weeks they took the advice of their realtor and listed the lots separately; and that if a variance were not permitted for the 50-foot lot, that property would be worthless to them. The ZBA found as follows:

> "The petitioner, upon advice of a realtor, sold the house located on 78' of frontage in 1985, and attempted to sell a 50' vacant lot to a builder at the same time. The builder has subsequently defaulted on the contract and the Zoning Board of Appeals has previously denied a request by the developer for a variance to construct a single family residence.
> * * *
> Testimony was introduced that the petitioner would suffer a financial hardship if the variation were not granted and that his property would not yield a reasonable rate of return. * * *
> Testimony was introduced that a significant portion of the lots and the homes in the area were built on 50' lots and that the granting of the variation would not alter the property value."

Defendants' motion to dismiss the amended complaint with prejudice on the basis of lack of standing was granted, and thereafter the trial court denied plaintiffs' motion for rehearing which pleaded, in the alternative, for leave to file a second amended complaint. (Transcripts

of the hearings on these motions are not included in the record on appeal.) The trial court also denied the Farringtons' motion for sanctions. (A transcript of this hearing, but not an order denying the motion, is included in the record.) Both parties appeal the denial of their respective motions.

OPINION

 Plaintiffs contend that they have sufficiently alleged a protectable interest, and that, therefore, they have standing. Our supreme court has addressed the issue of standing in a zoning matter in a number of cases, including *Winston v. Zoning Board of Appeals* (1951), 407 Ill. 588, 95 N.E.2d 864, and *222 East Chestnut Street Corp. v. Board of Appeals* (1956), 10 Ill. 2d 130, 139 N.E.2d 247, *cert. denied* (1957), 353 U.S. 984, 1 L. Ed. 2d 1143, 77 S. Ct. 1284.

In *Winston,* plaintiffs' complaint, in which they sought a review of a zoning board's decision to grant a variance permitting construction of an apartment building, was dismissed for lack of standing. Plaintiffs had alleged that they were property owners "in the vicinity of the premises involved" and that the value and use of their property would be adversely affected by the granting of the variance. The supreme court upheld the dismissal, stating:

> "To show a cause of action, it was incumbent upon plaintiffs to allege specific facts showing that they were parties to the administrative proceeding whose rights, privileges or duties were adversely affected by the decision of the zoning board. [Citations.] This, they have failed to do and, consequently, the complaint does not state a cause of action." *Winston,* 407 Ill. at 595.

In *222 East Chestnut,* the owner of an apartment building situated in the same zoning district as a proposed apartment building sought to reverse the decision of the board granting a variance to the trustee of the proposed structure. The trial court, "after hearing questions presented by the record, affirmed the board's decision and dismissed the complaint." (10 Ill. 2d at 133.) The supreme court affirmed the dismissal, stating:

> "We have heretofore held that the right to review a final administrative decision is limited to those parties of record in the proceeding before the administrative agency 'whose rights, privileges, or duties are affected by the decision.' (*Winston v. Zoning Board of Appeals,* 407 Ill. 588.) *** In affirming a judgment dismissing the complaint, this court held that to state a cause of action specific facts must be alleged showing that the

plaintiffs were injured or damaged by the decision sought to be reviewed.

In the case at bar the complaint alleges that granting the variation would substantially injure plaintiff's property in that its light, air and fire protection would be interfered with, its 'taxable value' would be diminished, and traffic congestion would be increased near and in front of it. The allegations were denied by defendants. In its brief plaintiff fails to show any evidence whatever to support them, nor have we found such support in the record. *** We think *** that under our decision in the *Winston* case it was incumbent upon plaintiff to allege and prove it would in fact be adversely affected by the board's decision." 10 Ill. 2d at 135-36.

See also *222 East Chestnut Street Corp. v. Board of Appeals* (1958), 14 Ill. 2d 190, 192, 152 N.E.2d 465 ("[W]e held it is incumbent upon the party seeking review to both allege and prove that the board's decision would in fact adversely affect such party. *** This is in accord with the majority view which holds that the right to maintain a suit in such cases depends upon whether the zoning inflicts a special or peculiar injury upon the party bringing the suit"); *Allender v. City of Chicago Zoning Board of Appeals* (1978), 63 Ill. App. 3d 204, 210, 381 N.E.2d 4 ("The standing of any person to appeal the result of an administrative review proceeding must appear as a factual matter in the record made before the administrative body").

Plaintiffs argue that they were denied an opportunity to prove their allegations because their complaint was improperly dismissed, *i.e.,* the order dismissing their amended complaint was entered June 11, 1987, and the trial court did not order that the transcript of the hearing before the zoning board of appeals be filed until August 11, 1987, the same day it denied with prejudice plaintiffs' motions for rehearing and to file a second amended complaint. Defendants respond that the transcript was not necessary in order for plaintiffs to have an opportunity to prove their allegations because the exhibits attached to the amended complaint accurately reflected the proceedings before the ZBA. Defendants further argue that plaintiffs' allegations are not supported by the record.

Plaintiffs were unable to prove that their allegations appeared as a factual matter in the record because, although the Administrative Review Law requires that "the administrative agency *** file an answer which shall consist of the original or a certified copy of the entire record of proceedings under review, including such evidence as may have been heard by it and the findings and decisions made by it"

(Ill. Rev. Stat. 1987, ch. 110, par. 3—108), the transcript of the zoning hearing was not before the court at the time it ruled on plaintiffs' complaint. Were this court to reverse the trial judge's decision on that basis, we would need to remand this cause in order to allow the trial judge an opportunity to review the transcript and determine whether plaintiffs were successful in proving that they would be adversely affected by the variance. However, inasmuch as that transcript is included in the record here, and, since the appellate court may search the record and affirm the trial court on any basis appearing in the record (*Decatur Memorial Hospital v. West Lincoln Township* (1976), 38 Ill. App. 3d 356, 347 N.E.2d 804; *Panepinto v. Morrison Hotel* (1966), 71 Ill. App. 2d 319, 218 N.E.2d 880; *Husted v. Thompson-Hayward Chemical Co.* (1965), 62 Ill. App. 2d 287, 210 N.E.2d 614), it would not only conserve judicial resources, but it would also be more efficient at this point for this court to review the record to determine whether plaintiffs have standing. We might also point out that the "findings" attached to plaintiffs' complaint appear to be an unusually complete and full account of the testimony and other evidence presented to the ZBA.

At any rate, the transcript shows that the only witness called to testify as to the value of the property was Ralph Martin, a real estate appraiser who appeared in behalf of the Farringtons and who stated that granting the variance would have no diminishing effect on the value of surrounding property and that building on the vacant lot would not impair light and air to adjacent properties. Mrs. Dyer testified that she spoke with a realtor by phone who told her that a building on the vacant lot would decrease the value of her home, but she did not identify the realtor or explain how he came to this conclusion. A few other neighbors expressed fear of flooding, but no one gave any reasons as to why a building on the subject vacant lot would cause flooding. Nor does the record support in any way plaintiffs' allegations that granting the variance would adversely affect their property. No evidence was presented to the zoning board which would substantiate plaintiffs' claim that their property would decrease in value by any specific amount, that flooding would occur, or that the character of the neighborhood would be changed. Indeed, the zoning board found that "the granting of the variation would not alter the property value."

Plaintiffs contend that the trial court should have reviewed transcripts from both hearings held before the ZBA prior to ruling on whether the record supported their allegations. We disagree. While it is unclear whether the members of the ZBA considered testimony

heard at the first hearing in reaching their decision to ultimately grant the variance, it is clear that plaintiffs were given a full opportunity to present testimony and evidence at the second hearing, and we can assume that they took full advantage of that opportunity. Nonetheless, plaintiffs have failed to allege and prove the required "specific facts" showing that they would be adversely affected by the granting of the variance; accordingly, the trial court properly held that they lack standing.

■ Plaintiffs next argue that the trial court erred in denying their motion to strike the pleadings of ZBA, the Village of Arlington Heights and the individual members of ZBA, who plaintiffs contend are merely "nominal defendants" and thus have no standing to participate in this litigation. In support of their argument plaintiffs rely upon our supreme court's decision in *Speck v. Zoning Board of Appeals* (1982), 89 Ill. 2d 482, 433 N.E.2d 685. In that case, the court held that the Chicago Zoning Board of Appeals did not have standing to appeal a reversal of its own decision, stating:

> "There is no question that the Board is entrusted with the duty of protecting the public health, safety and welfare. However, the Board's obligation to the public is fully discharged when it conducts a hearing and, with due consideration to the public interest, determines the propriety of granting or denying a variation. [Citations.] Its responsibility to protect the public interest does not authorize the Board to act as a representative of the public for the purpose of vindicating its own decision on appeal." 89 Ill. 2d at 486.

Defendants respond that *Speck* is not controlling, because the ZBA is defending on appeal rather than appealing the reversal of its own decision. Defendants note that an appellate court has held that a zoning board of appeals, as an appellee, may " 'defend a judgment on review by raising an issue not previously ruled upon by the trial court if the necessary factual basis for the determination of such point was contained in the record' " (*Allender v. Zoning Board of Appeals* (1978), 63 Ill. App. 3d 204, 209, 381 N.E.2d 4, quoting *Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417), and contend that this necessarily means that a zoning board of appeals has standing to defend an appeal.

We note, however, that the issue of standing was neither raised nor addressed in *Allender*; therefore, that case is not dispositive of this issue. Nor is *Speck,* for that case merely held that a zoning board of appeals has no standing to prosecute an appeal. In any event, plaintiffs have not included a transcript of the hearing during which

the trial court denied this motion; thus, we do not know the basis for that ruling. Accordingly, since plaintiffs have not demonstrated to this court that that ruling is erroneous, we are constrained to affirm it. *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 459 N.E.2d 958.

██ ▌ The Farringtons brought a motion for sanctions pursuant to section 2—611 (Ill. Rev. Stat. 1987, ch. 110, par. 2—611), contending that plaintiffs' allegations were baseless and not warranted by existing law, relying, in support of their contentions, on plaintiffs' failure to present evidence at the hearing before ZBA and on the fact that plaintiffs' attorneys have not charged a fee for their work in this case.

Section 2—611 provides as follows:

> "Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name ***. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation ***. If a pleading, motion, or other paper is signed in violation of this Section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorneys fee." (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.)

The purpose of section 2—611 is to prevent abuse of the judicial process by penalizing a litigant who brings vexatious or harassing actions that are based on false statements or without legal foundation. (*Lee v. Egan* (1987), 160 Ill. App. 3d 1078, 1081, 513 N.E.2d 1023.) The Farringtons suggest that, because there are few cases interpreting section 2—611 as amended in 1986, this court should follow Federal court decisions construing Rule 11 of the Federal Rules of Civil Procedure, which is virtually identical to section 2—611.

Under Rule 11, there must be reasonable inquiry made by the presenter to determine whether a pleading is well grounded in fact and warranted by existing law or reasonably foreseeable legal develop-

ments. (*Stites v. Internal Revenue Service* (5th Cir. 1986), 793 F.2d 618, 620; *Davis v. Veslan Enterprises* (5th Cir. 1985), 765 F.2d 494, 500.) Sanctions are to be imposed where the pleading is not well grounded in fact (see *Albright v. Upjohn Co.* (6th Cir. 1986), 788 F.2d 1217, 1221; *Hale v. Harney* (5th Cir. 1986), 786 F.2d 688), where there is no legal basis for a claim (see *Rodgers v. Lincoln Towing Service, Inc.* (7th Cir. 1985), 771 F.2d 194, 205; *Fox v. Boucher* (2nd Cir. 1986), 794 F.2d 34), or where the purpose of a pleading or motion is improper, such as harassment or delay (see *Cook v. Peter Kiewit Sons Co.* (9th Cir. 1985), 775 F.2d 1030, *cert. denied* (1986), 476 U.S. 1183, 91 L. Ed. 2d 547, 106 S. Ct. 2919).

In denying their motion, the court stated:

> "The F[a]rringtons claim that despite the fact that the Plaintiffs had no standing to pursue the instant Complaint, the Plaintiffs decided to and did pursue their claim for the purpose of preventing the sale of the F[a]rringtons' property. This Court notes at the outset that while the F[a]rringtons claim that the Plaintiffs have pursued the instant case for the purpose of preventing the sale of the F[a]rrington property, this and other factual allegations remain for the most part unsubstantiated with evidence.
>
> * * *
>
> *** [T]he merits of the Plaintiff's [*sic*] charges has [*sic*] never been ruled on. *** [T]he F[a]rringtons have failed to document their claim that the Plaintiffs filed a baseless lawsuit merely to prevent sale of the F[a]rringtons' property."

The plaintiffs argue that there is no evidence that they failed to make a reasonable inquiry prior to filing their action, and moreover, that they had a reasonable argument for the modification of existing law to allow adjacent landowners to bring suit, and that it is surely permissible for an attorney to undertake "pro bono legal work for a coalition of neighbors to protect their neighborhood." Plaintiffs further argue that the Farringtons' motion for sanctions is itself an abuse of the judicial process and is therefore sanctionable under section 2—611. However, the first time plaintiffs raise the latter argument is on appeal, and thus this court will not consider it. *Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 500, 475 N.E.2d 872.

The denial of a motion for sanctions is within the discretion of the trial court, and a reviewing court will not disturb that determination absent a clear showing of abuse of discretion. (*Hengels v. Gilski* (1984), 127 Ill. App. 3d 894, 469 N.E.2d 708.) The Farringtons have

failed to make such a showing here. Plaintiffs' action was dismissed on the pleadings because they failed to make a proper record before the ZBA. Under the circumstances of this case, we do not find that the trial court abused its discretion in denying the Farringtons' motion for sanctions.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JOHNSON and McMORROW, JJ., concur.