HAROLD WALLMAN, Plaintiff-Appellee, v. ZONING BOARD OF AP-
PEALS, CITY OF FAIRVIEW HEIGHTS, Defendant-Appellant.

Fifth District   No. 5—87—0530

Opinion filed April 17, 1989.

Alvin C. Paulson, of Kassly, Bone, Becker, Dix, Tillery & Reagan, P.C.,
of Belleville, for appellant.

Robert J. Sprague, of Sprague & Sprague, of Belleville, for appellee.

PRESIDING JUSTICE WELCH delivered the opinion of the
court:

This appeal is from a judgment entered in the circuit court of St.
Clair County on July 16, 1987, vacating defendant's denial of plain-
tiff's application for an area-bulk variance and ordering defendant to
issue the requested variance.

On June 21, 1985, Harold Wallman (hereinafter plaintiff) was tick-
eted for constructing an addition to an accessory structure which ex-
tended the accessory structure to less than 10 feet from the principal
structure, in violation of the Fairview Heights municipal ordinance
which requires that a minimum of 10 feet setback be maintained be-
tween primary structures and any accessory structures. (Fairview
Heights, Ill., Development Code ch. 14, par. 14—3—7(c)(1) (1988).) He
was also cited for failing to obtain a building permit; however, this is
not made an issue in this appeal. Plaintiff entered pleas of guilty to
the two charges and was granted time to petition the Zoning Board of
Appeals, City of Fairview Heights, Illinois (hereinafter the Board), for
an area-bulk variance which would relieve him from strict enforce-
ment of the setback requirements.

On November 26, 1985, the Board heard testimony regarding

plaintiff's request for a variance. Following the hearing, the Board voted unanimously to deny plaintiff's request for a variance. Pursuant to statutory sections providing for review of administrative decisions (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*), plaintiff filed a complaint in the circuit court of St. Clair County seeking to have the Board's denial of his request for a variance set aside, and, ultimately, the approval of his request for a variance. The circuit court, in an order entered July 16, 1987, annulled and vacated the Board's denial of plaintiff's request for a variance and directed the Board to issue the variance as requested. The Board appeals from the decision of the circuit court.

Without expressing opinion as to the underlying merits, we must decline consideration of the Board's appeal. In accordance with Illinois law, as well as the holdings of the majority of jurisdictions, we hold that a board like the one in the instant case lacks standing to prosecute an appeal from a reversal of its own decision. (*Speck v. Zoning Board of Appeals* (1982), 89 Ill. 2d 482, 486-87, 433 N.E.2d 685, 687 (and cases cited therein).) In *Speck*, the supreme court ruled that a zoning board of appeals was not authorized to appeal the reversal of its decision by a circuit court because the board's duty was to conduct hearings and render decisions; thus, from this adjudicatory or quasi-judicial capacity, the board was not a proper party to bring appeal from a reversal of its decision. To allow a board of appeals to assume the role of an advocate, the *Speck* court reasoned, would compromise the board's required duty of impartiality. (*Speck*, 89 Ill. 2d at 485, 433 N.E.2d at 687.) The Board not being a proper party to bring the instant appeal, we must refrain from entering judgment on the merits of such an appeal and dismiss the appeal.

Accordingly, the appeal from the judgment of the circuit court of St. Clair County is hereby dismissed.

Appeal dismissed.

HARRISON and LEWIS, JJ., concur.